O'LAUGHLIN v. GEORGE H. HAMMOND & CO.

(*Supreme Court, General Term, Third Department.* February 7, 1889.)

1. PLEADING—ANSWER—ADMISSIONS.
    Plaintiff alleged that defendant was a foreign corporation, and that, while it was carrying on a certain business at a certain place, he was injured through its negligence. *Held,* that an admission in the answer that defendant was a foreign corporation, as alleged in the complaint, did not thereby admit that it was carrying on a business at the place named in the complaint.

2. JURY—PROVINCE OF JURY.
    Where it is shown that a business of the kind transacted by defendant was being carried on at the place named in the complaint, under the same name under which defendant did business, it becomes a question of fact as to whether or not defendant was transacting the business at such place.

3. APPEAL—REVIEW—OBJECTIONS WAIVED.
    Where no objection is made to the assumption of certain facts by the court in instructing the jury, and no request made for the jury to pass on them, any objection will be considered waived.

4. SAME—OBJECTIONS TO EVIDENCE.
    Objections to evidence not urged on the trial will not be considered.

Appeal from circuit court, Albany county.

Action by James O'Laughlin against George H. Hammond & Co. From a judgment for plaintiff, and an order denying a motion for a new trial, the defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*E. J. Meegan,* for appellant. *J. H. Clute* and *J. W. Mattice,* for respondent.

LANDON, J. The complaint alleges—"*First.* That the defendant is a corporation existing under and by virtue of the laws of the state of Michigan, organized and engaged in the dressed beef business, under the style and name of George H. Hammond & Co., on or about the 17th day of October, 1881." The complaint then, in substance, alleges that on the 23d day of July, 1886, the defendant was the owner, or in possession, of the building and premises known as "72 Montgomery Street," Albany, wherein and whereon it was engaged in carrying on the dressed beef business, and that by its negligence in

transferring its beef over the sidewalk from a freight-car it knocked the plaintiff down, as he was walking on the sidewalk in front of defendant's building, and injured his person, for which injury he demanded judgment in the sum of $2,000.

The defendant, by its answer—"*First*. Admits that it is a foreign corporation, as alleged in the complaint." "*Second*. Denies that it has any knowledge or information sufficient to form a belief as to each and every other allegation in said complaint contained, and therefore denies the same." *Third*. Alleges negligence on the part of the plaintiff.

The plaintiff, by his evidence, established the fact to the satisfaction of the jury that he received his injuries in consequence of the negligence of the persons who were transferring dressed beef from the freight car into the building, No. 72 Montgomery street, Albany, on the 23d day of July, 1886, and that his own negligence did not contribute to his injury. Upon the merits we are satisfied with the verdict.

The defendant, at the close of the plaintiff's case, moved for a nonsuit upon the ground "that there is no proof that the defendant had anything to do with the running and operating of the beef business which the plaintiff claims caused the injuries to him." The motion was denied, and defendant excepted.

The plaintiff now urges that the answer admits defendant's operation of the business at the place stated in the complaint. This is not so. The answer admits the corporate existence of the defendant as alleged in the complaint, but not that it was engaged in business at 72 Montgomery street. The denials of the answer made it necessary for the plaintiff to establish that the defendant was conducting the operations which injured him. There was some evidence tending to show that the defendant was in charge of the business in Montgomery street. The plaintiff testified that the dressed beef business was carried on at 72 Montgomery street; that the sign on the building at the time, and for a long time previously, was "George H. Hammond & Company." Several customers of the house testified to their dealings with it under the name of "George H. Hammond & Co.," or "G. H. Hammond & Co.," and that they had paid for beef obtained there, and that the bills were made out in the name of "G. H. Hammond & Co.," and receipts for their payments signed in the same name; that business had been conducted there under that name for several years before the plaintiff's injury.

It is a general rule that no person can prove his agency by proving his declarations that he was such agent, or that he assumed to act as such, or that he used the name of the alleged principal, for the reason that the proof of these acts is only proof of the acts of the actors, and not of the alleged principal. Some authority from the principal, or recognition by him of such acts, must be shown to connect him with them. But such authority or recognition may be inferred from circumstances, provided they are of such a character and continuance as to be compatible with no other reasonable conclusion. Given a corporation organized under the laws of Michigan, under the name of George H. Hammond & Co., in 1881, to conduct the dressed beef business. Given such business opened in the city of Albany shortly after, and continuing ever since, openly and notoriously, conducted under the same name, and no suggestion made of imposition, or of the existence of another company of the same name. It then becomes a question of fact for the court or jury to determine whether it is the Michigan company which is transacting this business in Albany.

The court, in denying the motion for a nonsuit, simply held that it was for the jury to decide the question, if the defendant wished their decision. But the defendant did not request their decision. The court began the charge to the jury in these words: "In July, 1886, the defendants were engaged in the sale of dressed beef from their place of business, 72 Montgomery street, in

this city," (Albany.) No objection was made to this method of disposing of the question of fact, and no request was made that the jury pass upon it. We think this disposes of the objection now urged by the defendant. It had its opportunity, and waived it.

We do not think any testimony was erroneously admitted. Mrs. McLaughlin may have been asked her opinion, but she confined her testimony to facts. The objections to the testimony of Wylie and Champion were in general terms, and evidently did not present the point which the counsel now urges. The testimony of La Fountain, on the part of the defendants, that he was employed by George H. Hammond, was not urged upon the trial as indicating Hammond as the individual proprietor of the house, instead of the agent of the corporation. Had that distinction been then suggested, it perhaps would have been easily answered. The judgment should be affirmed, with costs.

All concur.