JULIETTE C. SMITH, Appellant, v. GEORGE E. MATTHEWS et al., Respondents.

1. LIBEL — CHARGE TO JURY. An instruction to the jury in an action for libel that punitive damages cannot be awarded unless defendants were moved by actual malice, but that the jury may find actual malice if defendants failed to make any investigation as to the truthfulness of the charge, will not warrant the reversal of a judgment for the plaintiff where the entire charge was most favorable to defendants, and disclosed repeated statements that there was no actual malice on the part of the defendants, and that if they were to be held liable it was by reason of implied malice for a reckless and negligent publication of the libel.

2. DAMAGES. Punitive damages for libel are not limited to cases of actual malice, but may be awarded for a libel recklessly or carelessly published, as well as one induced by personal ill-will.

*Smith* v. *Matthews*, 9 Misc. Rep. 427, reversed.

(Argued February 11, 1897; decided March 2, 1897.)

APPEAL from an order of the General Term of the Superior Court of Buffalo, entered September 25, 1894, which reversed a judgment in favor of plaintiff entered upon a verdict, and also an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*B. Frank Dake* for appellant. The order is appealable. (*Edgecomb* v. *Buckhout*, 146 N. Y. 332; Code Civ. Pro. §§ 1346, 1347; *Pharis* v. *Gere*, 112 N. Y. 408.) This court has no jurisdiction to review the facts. (*Edgecomb* v. *Buckhout*, 146 N. Y. 332.) The judgment and order were reversed on the defendants' exception to the ruling and charge of the trial judge, in response to their request to charge that, unless the defendants were moved by actual malice, the jury should not award damages by way of punishment. Defendants were not entitled to have the court so charge. (*Warner* v. *P. P. Co.*, 132 N. Y. 181; *Holmes* v. *Jones*, 121 N. Y. 461; 147 N. Y. 59; *Hamilton* v. *Eno*, 81 N. Y. 116; *Berg-*

*mann* v. *Jones*, 94 N. Y. 51; 1 Sutherland on Dam. 716; *Boyer* v. *Soules*, 62 N. W. Rep. 100; *C. P. & S. L. R. R. Co.* v. *Leah*, 152 Ill. 249; *Chellis* v. *Chapman*, 125 N. Y. 214; *Sperry* v. *Miller*, 16 N. Y. 407; *Crew* v. *Ry. Co.*, 20 Fed. Rep. 87; *Smith* v. *King*, 62 Conn. 514; *Butler* v. *Machen*, 65 Fed. Rep. 901.) The verdict was not excessive. (*Enos* v. *Enos*, 135 N. Y. 609; *Rutherford* v. *Morning Journal Assn.*, 47 Fed. Rep. 487; 51 Fed. Rep. 513; *Turton* v. *N. Y. R. Co.*, 144 N. Y. 144.)

*Charles B. Wheeler* for respondents. The court erred in its charge to the jury wherein it instructed the jury that they might find actual malice if they found the defendants failed to make an investigation as to the truthfulness of the article published. (*Oliver* v. *Bennett*, 65 N. Y. 559; *Townsend* v. *M., S. & S. S. D. Co.*, 15 N. Y. 587; *Willson* v. *Law*, 112 N. Y. 537; *State* v. *Wells*, 31 Conn. 213; *People* v. *Durk*, 37 Cal. 277; *Van Dusen* v. *Gordon*, 39 Vt. 111; *Ewing* v. *Burne*, 11 Pet. 41; *Watkins* v. *Holman*, 16 Pet. 25; *Fleming* v. *Maddox*, 30 Iowa, 239; *Jordan* v. *Pollock*, 14 Ga. 145; *Taylor* v. *Church*, 8 N. Y. 459; *Littlejohn* v. *Greeley*, 13 Abb. Pr. 57; *Bergmann* v. *Jones*, 94 N. Y. 62; *Warner* v. *P. P. Co.*, 132 N. Y. 184; *Prince* v. *Brooklyn Daily Eagle*, 16 Misc. Rep. 188; *Bennett* v. *Smith*, 23 Hun, 50.) The fact that the court may have properly instructed the jury in prior portions of its charge as to the rule that should govern in disposing of the case, will not cure the error complained of. (*Chapman* v. *E. R. Co.*, 55 N. Y. 579; *Greene* v. *White*, 37 N. Y. 405; *Stokes* v. *People*, 53 N. Y. 180.) The exception taken by the defendants' counsel to that portion of the charge in which the court said that the law implies malice, and that damages therefor may be given in this case by way of punishment, beyond the actual damages sustained by the plaintiff, is fatal to the verdict. (*Holmes* v. *Jones*, 147 N. Y. 59; *Samuels* v. *E. M. Assn.*, 9 Hun, 294; 75 N. Y. 604; *Warner* v. *P. P. Co.*, 132 N. Y. 184; *Taylor* v. *Church*, 8 N. Y. 460; *Brooks* v. *Harison*, 91 N. Y. 19.)

BARTLETT, J.   This is an action to recover damages for an alleged libelous publication in two newspapers of the defendants, and a jury rendered a verdict in favor of the plaintiff for $4,000.

The General Term of the late Superior Court of Buffalo reversed the judgment entered upon the verdict and ordered a new trial. A single question is presented on this appeal. The learned trial judge, after a very full and fair charge to the jury, was requested by counsel for defendants to charge:

" That, unless defendants were moved by actual malice, the jury should not award the plaintiff damages by way of punishment."

The court replied: " Yes, I charge you they must be moved by actual malice ; but you may find actual malice if you find they failed to make an investigation as to the truthfulness of the charge."

To this charge the defendants excepted.

Taken as abstract propositions both the request of defendants' counsel and the response of the court involved legal error. If, by " actual malice," the defendants' counsel referred to actual spite or wicked intention on the part of defendants, then his legal proposition is unsound, as damages, by way of punishment, are not limited to actual malice as thus defined. If the trial judge meant to state to the jury that a failure on the part of the defendants to investigate the truthfulness of the charge before publication .entitled them to find " actual malice " in the sense that it showed the defendants were moved by spite and wicked intention against the plaintiff, it is clearly erroneous as a legal proposition. The reversal of the General Term rests upon this alleged error in the charge, for the reason that prejudice may have resulted to the defendants therefrom, as the jury might have based their verdict upon actual as distinguished from implied malice, or malice in law.

It is necessary, in order to properly decide the question thus presented, to examine the entire charge to the jury in the light of the facts and the proceedings at the trial.

The defendants published the alleged libel in two newspapers owned by them — the Buffalo *Morning Express*, issued daily, and the Buffalo *Illustrated Express*, issued weekly.

The plaintiff, at the time of the publication, was a young married woman, living with her husband and children in Toronto, Province of Ontario, moving in high social circles, and possessed of a good reputation.

On or about June 14th, 1890, the defendants published in their newspapers an article received by them through the United Press Association, charging that the plaintiff, the wife of a Toronto merchant, had eloped with one Rutherford, a young bachelor of thirty; that the incident had created a great stir in Toronto, and her husband would investigate, etc., etc.

It was admitted by defendants at the trial that there was no· elopement, and the plaintiff proved that she was escorted to New York by Rutherford at the suggestion and request of her husband, who met her at the Grand Central Station on their arrival in that city. For the purposes of this appeal, it can be taken as admitted that the article complained of was a gross libel, charging the plaintiff, a reputable married woman, with the gravest offense that can be committed by a wife and mother; that it was published in the two newspapers of defendants, both of which were circulated to some extent in the city of Toronto, which is distant seventy miles from Buffalo.

At the trial plaintiff's counsel stated, while the case was with defendants, that it was not claimed there was "individual malice" on the part of either of the defendants towards plaintiff, but that the case rested on carelessness and negligence, and the wanton publication of a falsehood.

This was the theory upon which the case was tried, and the jury were so informed repeatedly by court and counsel.

This action was begun about a year after the publication and the defendants immediately published a retraction of the libel.

It was admitted by the defendants on the trial that it would have been an easy thing on receiving the original article from

the United Press Association for the manager of their news-papers to have telegraphed their special correspondent at Toronto to ascertain the truth or falsity of the communication ; that he had full authority to do so if he deemed it necessary, and that he made no attempt to verify or investigate the truth of the statements received.

It was proved by one of the defendants on cross-examination that it was not the custom on receiving articles of news to ascertain their truth or falsity before publication.

It was, therefore, for the jury to determine the damages suffered by plaintiff on account of this publication, it being admitted that defendants were not impelled by spite, or ill-will, or wicked intention, that is, actual malice, provided they were found guilty of gross carelessness and negligence in printing the libel.

So we come to the question whether, considering the whole charge of the trial judge, this case was properly submitted to the jury as to the facts and the rule of damages, notwithstanding the incident at the close of the charge to which we have already referred.

We will quote a few sentences from the charge.

Speaking of the defendants, the court said : "They disclaim any intent to injure the plaintiff, either in her good name, in her reputation, or otherwise, and these facts are undisputed. It is expressly stated by the counsel for the plaintiff that he makes no claim that they were actuated in the publication of this article by express malice, so you see that you cannot draw from these circumstances express malice." Further on the charge continues : "And that strikes out from this case, so far as the defendants are concerned, actual malice and intent." The trial judge then correctly explained to the jury the legal effect of publishing a libelous article without investigation and with reckless indifference to the rights of the individual, and stated it amounted to a wanton publication, and that while there was no actual intent to do an injury, yet the law would impute malice and an undue disregard for the rights of others.

At the close of the main charge the defendants' counsel said : " I except to that portion of your Honor's charge in which you instruct the jury that they may give damages by way of punishment, it being conceded that there was no actual malice either upon the part of the defendants or their agent."

By the court : " You will not misunderstand the court upon that proposition. They have disclaimed any actual malice, and the court has told you that must be accepted by you as true ; that they did not at the time actually intend to inflict injury ; consequently from that statement you would not be justified in awarding damages by way of punishment. But if you find that they could have found out the truthfulness or untruthfulness of this charge that they made, and they failed to make any investigation, you would be able to find such action upon their part, or upon the part of their agent, was a wanton act of negligence from which the law would imply malice, and you would be authorized to award vindictive damages, if you so find."

It was at this point, and after the court had again placed correctly before the jury the precise issue and the rule of damages, that the erroneous charge was made upon which the General Term reversed and to which we have adverted.

We are unable to agree with the learned General Term that it cannot be said with reasonable certainty that the defendants were not prejudiced by this lapse of the trial judge in telling them they could find actual malice if they found the defendants had failed to make an investigation as to the truthfulness of the charge.

The entire charge discloses repeated statements to the jury that there was no actual malice on the part of the defendants, and that if they were to be held liable it was by reason of implied malice for a reckless and negligent publication of the libel, and we are satisfied that the jury were not misled.

This error of the trial judge was harmless under the well-established rule that it may often occur in a charge to the jury that particular words or expressions used, when taken by themselves, will be objectionable, or seem to be erroneous, but

they should not be considered independently of the context. (*Chellis* v. *Chapman*, 125 N. Y. 214, 223; *Sperry* v. *Miller*, 16 N. Y. 407, 413; *Losee* v. *Buchanan*, 51 N. Y. 492; *Northern Pacific Railroad Co.* v. *Babcock*, 154 U. S. 201.)

This case was submitted to the jury in a manner most favorable to the defendants. It is undisputed upon the evidence that this publication was reckless and negligent, nevertheless the trial judge submitted that question to the jury, and told them they could award nominal, actual or punitive damages.

The learned counsel for the defendants insists that punitive damages are only recoverable in case of actual malice, when the wicked intent to injure exists. The rule is otherwise and it has been repeatedly held in this state that a libel, recklessly or carelessly published, as well as one induced by personal ill-will, will support an award of punitive damages. (*Warner* v. *Press Publishing Co.*, 132 N. Y. 181, 185; *Holmes* v. *Jones*, 121 N. Y. 461, 467, and cases cited; *Holmes* v. *Jones*, 147 N. Y. 59, 67.)

The defendants have been cast in heavy judgment, and it may be that a smaller verdict would have answered the purposes of justice under the circumstances, but this publication was grossly negligent, and attacked, without the shadow of justification, the good name of an innocent wife and mother, charging her, in effect, with unfaithfulness to her marriage vows, and the abandonment of her children.

All this came about, not because the defendants were impelled by a wicked intent to injure this plaintiff, but for the reason that, as one of them admitted upon the witness stand, it was not their custom, on receiving articles of news, to ascertain their truth or falsity before publication.

The publishers who adopt this reckless rule in the conduct of their business must abide the consequences.

The order appealed from should be reversed and the judgment entered upon the verdict, and the order denying a new trial affirmed, with costs.

All concur.

Ordered accordingly.