(23 Misc. Rep. 169.)

ULLRICH v. NEW YORK PRESS CO.

(Supreme Court, Trial Term, Kings County.    March, 1898.)

1. LIBEL OF PUBLIC OFFICER—PRIVILEGED COMMUNICATION.
    A defamatory publication concerning one in public office or employment is
    not qualifiedly privileged.    Allowable criticism is not libelous, and does not
    need the law of privilege to shield it.

2. SAME—MALICE—ACTUAL DAMAGES.
    Malice in the defendant is not necessary in order that a recovery may be
    had by the plaintiff of the actual damage done to him by an unprivileged
    libel or slander.    The plaintiff is entitled to recover his actual damage with-
    out regard to the defendant's motive, and even though it was good or even
    laudable.    Malice is not an ingredient of such an action, but has to do therein
    only with the question of giving smart-money damages.

3. SAME.
    Malice in the defendant is essential, and has to be shown in order to re-
    cover the actual damage, only in actions for libels or slanders, the publication
    of which was qualifiedly privileged.    In such cases malice has to be shown
    in order to defeat the privilege.

4. SAME—LIABILITY OF LUNATIC—EXEMPLARY DAMAGES.
    A lunatic is liable for the actual damage done by his slanders and libels,
    the same as for his other torts; but as he is incapable of malice, smart-money
    damages may not be given against him.

5. SAME.
    Malice in the defendant in making the publication is essential to the giving
    of smart-money damages.    In addition to the actual damage done to the
    plaintiff by a slander or libel, the jury may for such malice award smart-
    money damage.    Such malice may be found by the jury from actual spite
    or ill will in the defendant against the plaintiff; or, though there be no such
    spite or ill will, if the publication was made in wanton or reckless disregard
    of the rights of the plaintiff, or of others in general, such malice may be
    found from that alone.

Action by Emma Ullrich against the New York Press Company for
libel.    Motion on the minutes to set aside a verdict for the plaintiff.
The plaintiff was employed by the board of charities and correction to
receive and care for all infant waifs abandoned in the streets or public
places of the city of Brooklyn, and was called "city nurse."    The libel
accused her of mistreating and neglecting them.    Denied.

James C. Cropsey, for plaintiff.
De Lancey Nicoll, for defendant.

GAYNOR, J.    Defamatory words, the occasion for the publishing
of which was qualifiedly privileged, are not a foundation for an action
for libel if published in good faith; and, such privileged occasion being
pleaded as a defense and shown, they are always presumed to have
been published in good faith, unless the contrary be shown.    An ac-
tion for libel may not therefore be maintained upon them, unless the
plaintiff prove that the defendant published them from malice.    Such
proof deprives the defendant of his privilege.    The general rule in
respect of publications not privileged is the contrary of this; viz., no
malice need be shown in the defendant in order to recover the actual
damage (in which term I include nominal damage) caused by the libel.
Malice is not an ingredient of the cause of action.    The only ground
for showing malice in such cases is in order to obtain smart money,

in addition to the actual damage.     Prince v. Brooklyn Eagle, 16 Misc. Rep. 186, 37 N. Y. Supp. 250.     Libels against public officials, or those in public employment, belong to this general rule.     As early as 1809 it was held by the supreme court in this state that the publication of libelous matter touching a candidate for public office did not come under the head of privileged occasion.     Lewis v. Fero, 5 Johns. 1. The same was again more plainly reiterated in 1827 in the supreme court, and in the same case on appeal to the court for the correction of errors (Root v. King, 7 Cow. 613; Id., 4 Wend. 113); and in 1880 it was held by our court of appeals (citing the foregoing cases), that if one states of a public officer "that which is false and aspersive, he is liable therefor, however good his motives.     A person in public office is not less to be protected than one who is a candidate for public office; and the law of libel must be the same in each case."     Hamilton v. Eno, 81 N. Y. 126.     There was therefore no error in refusing to rule on the motion for a nonsuit, and again when the requests to charge were presented, that the occasion of the publication of this libel was qualifiedly privileged, and that by reason thereof the plaintiff had to prove malice in the defendant in order to make out a cause of action. In Hamilton v. Eno, one of the headnotes is as follows:

"The official acts of the officer may be freely criticized, and the occasion will excuse anything but actual malice and evil purpose in the critic; but the occasion will not of itself excuse an attack upon the character and motives of the officer; to excuse this the critic must show the truth of what he has uttered."

This seems to be inconsistent in its parts, and confusing.     The first part of it seems to say that the "occasion" will excuse criticism of official acts, while the last part plainly says that if libelous it cannot be excused, except by the critic showing it to be true.     As the criticism, if libelous, can only be excused by being proved true, I own I do not perceive what the first part means.     If the criticism of official acts contain no false and libelous matter, "actual malice and evil purpose in the critic" are wholly immaterial, for they cannot make that which is true a libel.     "Our laws allow a man to speak the truth, although it be done maliciously."     Baum v. Clause, 5 Hill, 199.     The publication of that which is not a libel, does not require the "occasion," or the law of privilege, to be called up for its protection or excuse.     If what is published be not libelous, apart from privilege, then there is no question of privilege, but on the contrary, the publication is of right.     Headnotes like this afford some justification to learned counsel for requesting juries to be charged in like verbiage, and for contending that no publication concerning a public official is libelous, however false, if made in good faith, viz., in honest belief in its truth.     Odgers, Sland. & L. c. 2, pp. 33–36; Campbell v. Spottiswoode, 3 Best & S. 769.

Nor do I on reflection perceive any error in the charge that if the defense of justification had not been made out, the plaintiff had the right to recover the actual damage sustained by her, without regard to the motive of the defendant in publishing it, or even though its motive was good, or even laudable.     I was not unmindful of the mass of dicta seemingly to the contrary that could be cited.     But no one can fail on reflection to see how inadvertent and unauthoritative it all is; and we are not without precise authoritative discrimination against

it. The bugbear and confusion of the law of libel is the statement so often found in some text-books and judicial opinions, that malice in the defendant is essential to sustain the action. It is not so, except in the cases of defamatory matter which is qualifiedly privileged; and right there is the starting point of the confusion. It is not necessary to prove that the publication was malicious, in order to recover, except in these latter cases, where malice is essential, the same as in actions for malicious prosecutions; and hence malice need not be pleaded. King v. Root, 4 Wend. 137; Viele v. Gray, 18 How. Prac. 565; Hunt v. Bennett, 19 N. Y. 173. No matter if there be a complete absence of malice, or even if the motive of the publisher be good and virtuous, he cannot escape paying the actual damage done, unless he justifies by proving the charge, any more than one who commits an unjustifiable battery may so escape. Even an accidental or inadvertent publication of defamatory matter is ground for an action for the actual damage done; and a lunatic is liable for the actual damage done by his libels, the same as for his other torts, though he is incapable of malice, and therefore not liable to smart money. Odgers, Sland. & L. (2d Ed.) c. 9; Krom v. Schoonmaker, 3 Barb. 647. In Williams v. Hays, 143 N. Y. 442, 38 N. E. 449, it is said that "perhaps" a lunatic is not liable for libel or slander, but the question was not considered. Mr. Townshend says (Townsh. Sland. & L. [4th Ed.] § 248), "Insanity is a complete defense to an action for slander or libel," but the cases he cites for his text by no means bear it out. Mr. Odgers in his rare book discusses the matter with scientific discrimination. The authorities (disregarding all dicta) amount to no more than this, viz.: Proof of insanity may be given to disprove malice, and thereby prevent an award of smart money; and the insanity of the defendant may be proved to have been notorious, so as to show that few or no one could have believed him, and that hence the actual damage is little, or nominal; but this latter could not apply if the publication was not in the name of the lunatic. The use of the word "malice" in actions for libel or slander not of a qualifiedly privileged occasion, except as a basis for smart money, is wholly technical and fictitious, and has been mildly called "unfortunate" by learned judges who considered the matter. Odgers, supra. Malice is not an ingredient of the cause of action, and need not be pleaded or proved, except qualified privilege be pleaded as a defense, and is shown, in which case malice must be proved in rebuttal, in order to defeat the privilege. The word has no excuse for being uttered in an ordinary action for libel or slander, except on the question of smart money. "If the plaintiff has been injured in his character or his feelings by an unauthorized publication, it is the duty of the jury to award him a full compensation in damages, without reference to any particular ill will which might have been entertained against him by the defendants." King v. Root, 4 Wend. 139. If one "states that which is false and aspersive, he is liable therefor, however good his motives." Hamilton v. Eno, 81 N. Y. 126. "The publication of a libel is a wrongful act, presumably injurious to those persons to whom it relates, and in the absence of legal excuse gives a right of recovery irrespective of the intent of the defendant who published it, and this although he had reason to believe the statement to

be true, and was actuated by an honest or even commendable motive in making the publication." Holmes v. Jones, 147 N. Y. 66, 41 N. E. 409. Nevertheless, I suppose it will continue to be repeated, illogical, unscientific, untrue and confusing as it is, that malice in the defendant is essential in order to recover any damage for a libel or slander. It would be a great relief to law students, counsel and courts if this were never repeated again, and if it were recognized that malice in the defendant is an essential only in an action for damages upon a qualifiedly privileged publication, and in a criminal prosecution for libel. The jumble in some modern text-books on slander and libel concerning malice, actual malice, malice in law, malice in fact, implied malice and express malice (all derived from judicial utterances, it is true), is a striking testimony of the limitations of the human mind. Malice in the defendant in slanders and libels not privileged has to do only with the question of adding smart money to the actual damage. The plaintiff has to prove malice in order to recover smart money; that is all. Of course, under the early contention (for it was never allowed to become the rule. 2. Kent, Comm. 24; 3 Bl. Comm. 124), that the truth was no defense in a civil action for a libel if its publication was malicious, there was some excuse for such niceties concerning malice; but under the modern law of libel there is none. In criminal prosecutions for libel, where the truth is not always a defense, the word "malice" has not been much refined upon.

The charge that the jury might find malice from a wanton or reckless disregard of the rights of the plaintiff, or of others in general, in the preparation and publication of the article (if they found such to have been the case), and give smart-money damages therefor, was, it seems to me, correct. Trial lawyers and trial judges have been used to the charge for generations, that if there be no evidence of previous ill will or spite, to show malice in the defendant, nevertheless if the jury find that the manner and circumstances of the making of the publication, or the substance of the libel itself, show a wanton or reckless disregard of the rights of the plaintiff, or of others in general, they may find such malice (viz., the malice which satisfies the law, and enables them to give smart money) from that alone. Nothing to the contrary of this is known to trial lawyers and trial judges, unless it is to be found in Smith v. Matthews, 152 N. Y. 152, 46 N. E. 164. I own not to understand all that is said in that case. The actual decision of the court upholds the charge of the learned trial judge. The point in mind in charging the jury on this head in cases of libel, slander and other torts, is always of the malice which will warrant the infliction of smart money, and of the proof from which such malice may be legally found by the jury. The jury are not permitted to punish the defendant by a fine for light reasons, in addition to requiring him to compensate the plaintiff for all the damage actually done to him. I do not understand that the jury are to give smart money for any degree of "recklessness or carelessness" (Smith v. Matthews), without regard to whether it shows malice or not. On the contrary, I understand that a finding of malice is essential, but that a wanton or reckless disregard of the rights of the plaintiff, or of others in general, in making the publication, is depravity sufficient in

law to support such a finding of malice.    Viele v. Gray, 18 How. Prac. 564; Newell, Defam. (2d Ed.) p. 318.    In fine, smart money may not be based upon any degree of "recklessness or carelessness," but only upon such a degree thereof as shows a wanton or reckless disregard of the rights of others, and hence malice.    Mere carelessness, without regard to its degree, never sufficed.    I do not perceive any intention in the court in Smith v. Matthews to change what has long been in everyday use in the trial of causes as the law in this respect, notwithstanding expressions used in the opinion.    If it does make the change, it applies not merely to libels, but to all torts for which smart money may be given.    I do not understand that smart money may be given for negligence, or fraud, or any tort, unless such tort be accompanied by a malicious intention to injure; and such intention must appear from evidence of actual ill will or hatred in the defendant towards the plaintiff, or of wanton or reckless disregard of the rights of the plaintiff in particular, or of people in general, in the commission of the tort. Lane v. Wilcox, 55 Barb. 615; Sedg. Dam. (8th Ed.) § 364 et seq.

The motion for a new trial is denied.