GOVERS v. HOFSTATTER.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.
    A verdict for plaintiff, based solely on his evidence as against the evidence of defendant and another, will not be disturbed where the facts and circumstances do not make improbable the truth of plaintiff's evidence.

2. SAME—SUFFICIENCY OF EXCEPTIONS.
    An exception to a charge that there was no evidence of a certain matter, given in response to a request by the jury, is insufficient, since the excepting party should have asked a charge that there was such evidence, and, if refused, excepted to the ruling.

Appeal from trial term, Westchester county.

Action by George Govers against Theodore Hofstatter, doing business in the name of Theodore Hofstatter & Co. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Robert McM. Gillespie, for appellant.
J. Addison Young, for respondent.

WOODWARD, J.   The plaintiff in this action alleges that he entered into a verbal contract with the defendant, by which he was to receive a commission of 10 per cent. upon all contracts for interior decoration which he should bring to the defendant.   The defendant denies the allegations of the complaint, and the questions involved were submitted to the jury upon the conflicting testimony of the parties to the action; no other person having been present at the time of the alleged making of the contract, and the only other witness being the defendant's manager, who testified as to the custom of the house in giving commissions on work, admitting, in corroboration of the plaintiff's claim, that the house was in the habit of paying commissions of 5 to 10 per cent.   There is no doubt that, if the jury believed the testimony of the plaintiff, there was evidence to support the claim; and while there might be, and frequently are, instances in which the court is justified in setting aside a verdict as being against the weight of evidence, there are no facts or circumstances which point to such an improbability of the truth of plaintiff's evidence in the case at bar as to warrant interference.

It is equally clear that the exception to the supplemental charge of the court in answer to a request for further instructions on the part of the jury does not present reversible error.   It is well settled that for any omission on the part of the trial court to fully instruct the jury, or for any assumption by the court of facts not warranted by the evidence, the only remedy is an exception to a refusal to supply the omission or to correct the false assumption, at the request of the party aggrieved, at the time the error is committed. Smith v. Matthews (Super. Buff.) 29 N. Y. Supp. 1058;   Harris v. Railroad Co., 20 N. Y. 232, 239.   The case of Smith v. Matthews was reversed by the court of appeals (152 N. Y. 152, 46 N. E. 164), but the reversal did not affect this question.   The exception of the defendant was to the charge of the court that "there is no evidence in this case that either of these contracts was procured through a middleman, that I recall."   The court was not asked to charge that there was such evidence, and the exception to the charge as made does not bring the question properly before this court for review. We are, however, of the opinion that, taking the charge as a whole, it correctly placed the issue before the jury, and that the defendant has no cause to complain.   There was no evidence of a middleman in the sense in which the court explained the transaction to the jury, and it is not apparent that any end of justice has suffered by reason of the charge.

The judgment and order are affirmed, with costs.   All concur.