### GOETZ v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. APPEAL—DISMISSAL.

An appeal not perfected within the time fixed by Code Civ. Proc. § 1351, providing that an appeal shall be taken within 30 days after service of a copy of the judgment or order appealed from, and written notice of the entry thereof, on the attorney for the appellant, will be dismissed, unless a satisfactory and sufficient excuse for the delay is presented.

2. SAME—QUESTIONS CONSIDERED.

Where separate appeals are taken from a judgment entered on a verdict, and from an order denying a motion for a new trial on the minutes, appellant is in a position, on the appeal from the order denying a new trial, to review all the proceedings taken on the trial, so far as the same are presented by exceptions, though the appeal from the judgment rendered on the verdict is dismissed as not having been perfected in time.

3. NEGLIGENCE—INSTRUCTIONS—TRIAL—VERDICT.

Plaintiff was employed by defendant, a street-railroad company, in a building, a portion of which was leased to a corporation experimenting as to whether compressed air could be successfully used in operating street cars. Defendant furnished said corporation certain of its cars, and a motorman and conductor to operate them. When it became necessary to charge a car with compressed air, it was run into the portion of the building leased by the corporation, and its employés connected the reservoir underneath the car with the compressed-air reservoir by means of a pipe. On the day in question this pipe burst, injuring plaintiff. The jury

was instructed that, to entitle plaintiff to recover, it must be found that defendant was the owner of, and engaged in the operation of, the apparatus for charging the car with air, and was guilty of negligence in its use. The jury found specially that the persons in charge of the car at the time of the accident were in the employ of the air company; also, that the accident was due to the negligence of the defendant. *Held*, that such findings were inconsistent with the instruction, and that a verdict thereon in favor of the plaintiff was error.

4. TRIAL—INSTRUCTIONS.
Where, in an action for negligence, a portion of the charge referring to the liability of the defendant for the condition of the apparatus causing the injury was inconsistent with a charge given at the request of the defendant at the close of the main charge, and qualifying it, the later instruction should control.

5. EVIDENCE—RES GESTÆ—DECLARATION OF AGENTS.
Declarations of the officers of a corporation are inadmissible to show liability of the corporation in the control of apparatus causing an injury complained of, where such declarations are not shown to have been made as a part of a transaction connected with a matter over and concerning which the officer was authorized to act.

Appeal from trial term, New York county.

Action by John J. Goetz against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff on a directed verdict, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Charles F. Brown, for appellant.
George W. Wingate, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries. The plaintiff had a verdict, and from the judgment entered thereon the defendant has appealed. It has also taken a separate appeal from an order denying a motion for a new trial on the minutes. Both appeals were argued together.

Before entering upon the argument, the plaintiff's counsel moved to dismiss the appeal from the judgment, upon the ground that it was not taken within the time provided by statute. The motion was undetermined at the time the argument of the appeals was made, but, after having fully considered the question, we are of the opinion that it must be granted. It is conceded that the appeal was not taken within the time provided by section 1351 of the Code of Civil Procedure, but the excuse presented is unsatisfactory and insufficient, and in this respect the case is unlike Weeks v. Coe, 36 App. Div. 339, 55 N. Y. Supp. 263, upon which the appellant relied. The defendant, however, having appealed from the order denying its motion for a new trial, is in a position to review all of the proceedings taken upon the trial, in so far as the same are presented by exceptions duly taken.

Upon the trial it appeared that the plaintiff on, and for some time immediately prior to, the 7th day of May, 1897, was employed by the defendant as a superintendent of a certain branch of its street railroad, and as such had an office in a large building owned

by the defendant, on Lenox avenue, between 146th and 147th streets, in the city of New York. A portion of this building, prior to the time the plaintiff was injured, had been leased by the defendant to a corporation known as the Compressed-Air Power Company, for the purpose of enabling it to determine whether compressed air could be successfully applied as a motive power to street cars; and, in order that it might make the desired experiments, the defendant supplied the air-power company with several street-car bodies, to which it attached the trucks and machinery necessary to operate them with compressed air. The defendant also permitted the air-power company to use certain of its tracks, and, when they· were thus used, it furnished a motorman and conductor to operate the cars. When it became necessary to charge a car with compressed air, it was run into that portion of the building leased by the air-power company, and its employés connected the reservoir underneath the car with the compressed air receiver or main reservoir by means of a piece of iron pipe some 35 feet in length. On the day in question, while a car was being charged, this piece of pipe burst, a fragment of it struck the plaintiff, and he was seriously injured. One of the principal questions litigated at the trial was whether or not the defendant operated or had any control over the car, or the appliances used in charging it, at the time when the pipe burst. The plaintiff contended, in substance, that the car and the apparatus were under the control of the defendant, while the defendant, on the other hand, contended that it had not only leased the premises in which the apparatus was located, but that it had no control either of the car or the apparatus with which it was being charged, or of the persons in control of it. This issue was sent to the jury, with instructions that, "to entitle the plaintiff to recover, the jury must be satisfied that the defendant was in fact the owner of, and engaged in the operation of, the apparatus for charging the car with air, and was guilty of negligence in the use thereof." Special questions were submitted to the jury for their determination: (1) "Q. In whose employ were the persons in charge of the car at the time of the accident?" And: (2) "Q. Was the accident in question due to the negligence of the defendant?" To the first question the jury responded, "Compressed-Air Power Company," and the second it answered in the affirmative. Other questions were submitted to them, but it is unnecessary to consider their answers, inasmuch as the same are not material to the determination of the question here presented. The jury having found as a fact that the persons in charge of the car at the time the accident occurred were employés of the air-power company, the defendant, under the instruction given, was entitled to a verdict. According to the rule of law laid down by the learned trial justice, a recovery could only be had by the plaintiff upon the jury finding that the defendant not only owned, but at the time operated, the apparatus used in charging the car; and, they having found that it did not operate the apparatus, a verdict should have been rendered for the defendant, and the court should have so directed.

It is, however, urged by the respondent that, to entitle the plain-

tiff to a verdict, it was not necessary that the jury should have found both of these facts, as directed by the court; and, to justify his contention in this respect, our attention is called to another portion of the charge, in which the learned trial justice said:

"If you find that the feed pipe was a part of the car, and that the defendant at the time of the accident had acquired the machinery, apparatus, and plant of the compressed-air company, or even if it had not acquired the same, and the work was being done by the compressed-air company, but that the defendant's officers knew, or by the exercise of due care should have known, that the material composing the feed pipe was, as claimed, insufficient in strength to stand the pressure of the air to which it was subjected at the time of the accident, and that it was dangerous to use such pipe without proper couplings, then it was the duty of the defendant to exercise reasonable care to ascertain the quality of the pipe and couplings of which the feed or charging pipe was composed, and its manner of construction, and whether such pipe and couplings had been tested in the customary and usual way," and that, if the defendant had not performed its duty in this respect, the jury might find for the plaintiff.

It is apparent that the portion of the charge just referred to— being a part of the main charge—was inconsistent with the portion . first alluded to, which was made at the request of the defendant at the close of the main charge; and, under such circumstances, we think the final instruction, in so far as it was inconsistent with what had theretofore been said, qualified the former to that extent, and was the one which was to govern the jury in their deliberations. Under the finding as made, if we are correct in this conclusion, a verdict should have been directed for the defendant.

We are also of the opinion that the order must be reversed upon the exceptions taken to the admission of certain testimony. Witnesses were permitted to testify, against the defendant's objection and exception, that, in conversations had with the general superintendent and president of the defendant, these officers—one or both of them—had at different times stated that at the time of the accident the defendant was in control of the apparatus used in charging the cars. These statements were inadmissible for the purpose of making the defendant responsible for the accident, or to render it liable to respond in damages for the injuries sustained by the plaintiff. Declarations of an agent are not competent to charge a principal, upon proof merely that the relation of principal and agent existed at the time when the declarations were made. Something more must be shown. "It must further appear that the agent at the time of the declaration was engaged in executing the authority conferred upon him, and that the declarations related to, and were connected with, the business then depending, so that they constituted a part of the res gestæ." White v. Miller, 71 N. Y. 118; Happy v. Mosher, 48 N. Y. 313. That the declarations referred to were made by the officers of a corporation in no way changes the rule. The declarations of officers of a corporation cannot be received, for the purpose of subjecting it to liability, unless it be first shown that such declarations were made as part of a transaction connected with some matter over or concerning which the officer was authorized to act. First Nat. Bank v. Ocean Nat. Bank, 60 N. Y. 297;

Trustees of First Baptist Church v. Brooklyn Fire Ins. Co., 28 N. Y. 153; Kay v. Railway Co., 163 N. Y. 447, 57 N. E. 751.

Other questions are raised by the appellant, but, having reached the conclusion that a new trial must be ordered, we do not consider it necessary to examine them.

It follows that the appeal from the judgment must be dismissed, with $10 costs and disbursements, and the order denying a motion for a new trial must be reversed, and a new trial ordered, with $10 costs and disbursements to the appellant to abide the event of the action. All concur.

RUMSEY, J. I agree with the opinion of the majority of the court that the conversations with the superintendent and president of the defendant, which were admitted in evidence under the objection and exception of the plaintiff, were incompetent, and should have been excluded for the reasons given in that opinion. I concur in the result in this case solely because of the error of the court in the admission of that testimony.