(63 App. Div. 332.)

WILLIS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. INJURY TO PASSENGER—QUESTION FOR JURY.

Where, in an action against a street-railway company for injuries sustained on alighting from a car, plaintiff and another testified that the car had come to a full stop, and that as she started to put her foot on the pavement the car started off suddenly and she was thrown down, and the conductor testified that he warned plaintiff, and there was some evidence that plaintiff and her husband stated at the time that the conductor was not to blame, it was proper to submit the case to the jury.

2. Same—Instructions—Construction.
There was testimony that the car had come to a full stop. It was defendant's theory that plaintiff had stepped from the car while it was in motion, and there was testimony that just as the car stopped the conductor called, "Change for Eighth avenue." The court stated that he thought there had been some announcement which perhaps might have been taken by a passenger as an invitation to alight, and that perhaps the jury ought to consider whether that was negligence; that, if it had not been for that element in the case, he should have stated that there was absolutely no negligence on the part of those in charge of the car. *Held*, that the instruction was not prejudicial to defendant.

3. Same—Instruction.
It was not error to refuse to charge that it was contributory negligence for plaintiff to leave the car while in motion, as it was a question of fact for the jury.

4. Same.
It is not error to refuse requested instructions embodying a proposition already given.

Appeal from trial term, Nassau county.

Action by Sarah T. Willis against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Charles F. Brown (Henry A. Robinson, on the brief), for appellant.
George M. S. Schulz, for respondent.

WOODWARD, J. The plaintiff, in company with her husband, was a passenger upon one of the cars of the defendant, traversing Fifty-Ninth street, in the city of New York, in a westerly direction, on the 30th day of January, 1900. It was customary for the cars upon this line to stop at or near the Columbus monument on Fifty-Ninth street, near Eighth avenue, to transfer passengers to the Lenox avenue and other cars. The hour of the accident was about 10 o'clock in the evening, and it appears from the evidence that the circle around the monument is paved with asphalt and is very smooth, that the circle is lighted with gas, and that there was no station or other visible object to indicate the exact stopping place of the cars. The plaintiff was born in 1837, making her well advanced in years, and her version of the accident, corroborated in the main by that of her husband, is that on approaching this transfer point the car came to a standstill; that two or three, possibly more, passengers had left the car in advance, and that she followed the crowd; that as she stepped down on the step of the rear platform, and started to put her foot upon the pavement, the car "started off quick," and she was thrown to the pavement, sustaining the injuries set forth in the complaint, and which are not denied by the defendant. The theory of the defense is that the car was still in motion when the plaintiff stepped off; that she was warned by the conductor not to get off until the car stopped, but that, in disregard of this caution, she persisted in getting off, with the result as stated. These two theories were supported by evidence, and the

learned court below submitted the question to the jury, after deny-
ing the usual motions to dismiss the complaint, the defendant ex-
cepting to the denials, resulting in a verdict for the plaintiff. From
the judgment entered upon this verdict, and from an order deny-
ing a motion for a new trial, defendant appeals.

Three points are urged upon this appeal; the first being that the
overwhelming weight of evidence shows that the plaintiff attempted
to alight from a moving car, and in so doing sustained the injuries
complained of. We are of opinion that there is not such a pre-
ponderance of evidence in support of this proposition that the jury
could not properly find in favor of the plaintiff. Both she and her
husband positively testify that the car had come to a standstill,
and, if it had, it is difficult to understand why the jury might not
find that it was negligent on the part of the persons in charge of
the car to start it while she was in the act of getting off the car,
or that she was not chargeable with contributory negligence in leav-
ing the car in the manner described to the jury by the witnesses.
That the car was moving at the moment the plaintiff fell, there
can be no question; and, if it had been previously stopped, the con-
ductor calling, "Transfer for Eighth avenue," thus indicating that
it was proper for the passengers to alight, a question was presented
for the jury,—whether the defendant had discharged its duty to the
plaintiff, and whether she had exercised that degree of care de-
manded by the circumstances. It is true that the conductor swears
that he warned the plaintiff, and there was some evidence that the
plaintiff stated at the time that the conductor was not to blame,
and that her husband had made remarks of similar import; but all
of these matters were denied or explained, and it was for the jury
to say which of the two theories they would accept, each of them
being supported by evidence.

Under point 2 the defendant urges that it was error for the trial
court to charge the jury that if the conductor called out, "Transfer
for Eighth avenue," that amounted to an invitation justifying the
plaintiff in alighting from the car without observing whether it had
stopped. We do not think the charge of the court amounted to this.
The court, in its general charge to the jury, said:

"The plaintiff says that the car had stopped when she got up, and her hus-
band says the same thing, and that it remained at a standstill until she was
in the act of getting off. The motorman testified that he had no right to
start his car again without he got the bell. In fact, I think the evidence is
that no bell was rung. I leave it for you to say, if the accident happened
that way, whether it was not negligence on the part of the motorman," etc.

At the close of the charge, defendant's counsel said:

"I desire to except to that portion of your honor's charge wherein you
stated to the jury that, if the accident happened in the way claimed by the
defendant; that is, if the plaintiff attempted to leave a moving car; that is,
if the car was in motion at the time the plaintiff attempted to leave it,—you
would still leave it to them to determine the question of whether or no the
defendant was liable, as I understand you."

To this the court responded:

"No; I told them, or, if I did not tell them, I tell them now, that what I
had in mind was this: I thought there had been some announcement which

perhaps might have been taken by a passenger as an invitation to leave, and that perhaps the jury ought to consider whether that was not negligence. That is what I had in mind at the time. If it had not been for that element in the case, I should have said there is absolutely no pretense, under those conditions, of any negligence on the part of the people in charge of the car. The only thing there is in the case which led me to leave it to the jury to say whether there was negligence in the management of the car was this announcement which some of the witnesses said the conductor made. What the effect of that is, I meant to leave to the jury. Defendant's Counsel: The defendant excepts to your honor's explanation of the charge, and requests your honor to charge that if the announcement was made by the conductor upon approaching Eighth avenue, and before the car had stopped, that passengers should transfer for Eighth avenue, that did not relieve the plaintiff from the exercise of prudence, and it did not justify her in attempting to leave the moving car."

To this the court replied, "I charge that, if she knew it was in motion," and defendant's counsel excepted on the ground that there was no evidence that she did not know whether the car was going or stopped.

We are of opinion that the charge, considered as a whole, was most favorable to the defendant; that it practically told the jury that the only point on which negligence could be predicated on the part of the defendant was the announcement of the conductor in reference to transferring, while there was evidence, apart from this announcement, which would have entitled the plaintiff to go to the jury. If it was true that the car had come to a standstill, and the plaintiff, in sight of the conductor, had started to leave the car, and the conductor, without warning, had permitted her to descend the steps, and, while she was in this position and in the act of stepping from the car, it had started quick and thrown her to the ground, the jury would certainly be justified in holding that the car had been negligently handled, whether the conductor had made any announcement or not. The motorman would have no right to start the car without the bell signal from the conductor, and the conductor would have no right to give the signal while the plaintiff was in the act of leaving the car. The error, to the extent that there was error, was prejudicial to the plaintiff, rather than to the defendant; and the case of Mearns v. Railroad Co., 163 N. Y. 108, 112, 57 N. E. 292, 293, relied upon by the appellant, is not an authority, for it distinctly says, "This was not a rapid-transit or elevated railroad, in which a different custom may prevail," and the facts are materially different. In that case there was no pretense that the train, after the announcement, "All out, Jersey City, last stop," had actually come to a standstill. The negligence relied upon was the opening of the vestibule of the car on which the plaintiff was riding before the train had stopped, permitting the plaintiff to walk off of the car while it was still moving, while in the case at bar the negligence, if any, consisted in starting the car while the plaintiff was in the act of alighting after the car had actually come to a standstill. We are of opinion that the announcement made by the conductor was only of incidental importance in this action, and that the defendant has no reason to complain of the charge in this respect.

The third point urged is that the court erred in refusing to charge that it was contributory negligence for the plaintiff to leave the car while in motion, if she knew it was in motion. While, under some circumstances, it might be contributory negligence for a person to leave a car while in motion, we are of opinion that it is not a question of law, but one of fact; that the rule which requires that the plaintiff shall exercise a reasonable degree of care, in the absence of facts which are so obvious as to admit of no difference of opinion in the minds of reasonable men, requires that the jury, in the light of all the evidence, shall say whether the particular conduct was or was not an exercise of the degree of care required by the law. A car which was moving only slightly, and yet moving, might be left by a reasonably active person without the slightest danger of an accident; and, even with a comparatively rapid motion, persons of physical vigor are daily known to leave them without injury, and it may be that they are in the exercise of a reasonable degree of care, as measured by the conduct of others under similar circumstances. The defendant had requested the court to charge that if the announcement was made by the conductor upon approaching Eighth avenue, and before the car had stopped, that passengers should transfer for Eighth avenue, that did not relieve the plaintiff from the exercise of prudence, and did not justify her in attempting to leave the moving car. The court responded, "I charge that, if she knew it was in motion." This stated the law as favorably for the defendant as it had a right to ask; but the defendant excepted to the modification as stated above, and the court entered into some further explanation, to which defendant's counsel excepted, and asked the court to charge that, "if the jury believe the plaintiff stepped from the car while it was in motion, their verdict must be for the defendant." The court responded: "I will not charge that. People do not always wait. The standard of care is ordinary care,—such care as people ordinarily under like conditions exercise." Defendant's counsel, still excepting, asked the court to charge "that, considering the circumstances of this case, and the character of the plaintiff, her age, and the fact that she was incumbered by skirts, I ask your honor to charge that it was contributory negligence upon her part to leave the car while in motion, if she knew it was in motion." To this the court replied, "No; I decline to charge that." Defendant excepted, and we are asked to hold, upon the authority of Goetz v. Railway Co., 54 App. Div. 365, 66 N. Y. Supp. 666, that under these circumstances the last instructions of the court are to be considered as the final theory upon which the case is submitted to the jury, and that a refusal to charge as requested was error. There was no evidence in the case that the plaintiff was incumbered by skirts, and in a very similar case, where counsel had made many requests to charge which were refused, the court said:

"It was not the right of counsel to compel the court to charge legal propositions in the language he may frame them. If requested, all the law necessary for the guidance of the jury must be given them in some form, and where this is done the party cannot complain." Poulin v. Railroad Co., 61 N. Y. 621.

The court is not called upon to charge the same thing over repeatedly. It cannot be its duty to accept the hypothesis of counsel, and to charge in the language here set forth. There is no reason to believe that the jury did not fully understand that it was necessary for them to determine—First, that the defendant had been guilty of negligence in operating the car on which the plaintiff was a passenger; second, that the plaintiff had been guilty of no negligence contributing to the accident. This was repeatedly stated to the jury in the main charge; was stated in its application to this case on the request of defendant's counsel to charge that the announcement "did not relieve the plaintiff from the exercise of prudence, and it did not justify her in attempting to leave the moving car," when the court replied, "I charge that, if she knew it was in motion." The fact that the court refused to charge the same proposition, coupled with counsel's assumption that the plaintiff was incumbered by her skirts, etc., did not present any new theory of the case to the jury, other than that already set forth by the court. If this was error, it was harmless, under the well-established rule that it may often occur in a charge to the jury that particular words or expressions used, when taken by themselves, will be objectionable, or seem to be erroneous, but they should not be considered independently of the context. Smith v. Matthews, 152 N. Y. 152, 157, 158, 46 N. E. 164, and authorities cited. This case appears to us to have been submitted to the jury in as favorable a light as it was proper for the defendant, and, while the matter is involved in much verbiage, it seems clear that the charge does not present reversible error.

The judgment and order appealed from should be affirmed, with costs. All concur.