Joseph A. Macdonald, Respondent, v. Benjamin J. Macdonald, Appellant.

Second Department, April 27, 1906.

Conversion — effect of failure to object to charge as to value.

When, in an action to recover certain shares of stock or the value thereof, the court charges that the defendant must return the stock or pay the value thereof, "which, on the evidence, I charge you is $1,740," the defendant cannot, on appeal, raise the point that the value was not the proven value at the time of trial, when he has taken no exception to such charge.

Appeal by the defendant, Benjamin J. Macdonald, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 5th day of June, 1905, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of June, 1905, denying the defendant's motion for a new trial made upon the minutes.

*John M. Perry* [*Robert J. Fox* with him on the brief], for the appellant.

*Jonathan Deyo*, for the respondent.

Woodward, J.:

In April, 1900, the plaintiff purchased eighty-seven shares of stock of a local corporation in Newburg. At the same time the defendant

purchased eighty-eight shares of the same stock, separate certificates being issued to each of them. They were at the time engaged in business as copartners, but this stock transaction appears to have been independent of such partnership, and the purchases to have been individual transactions. The plaintiff's version, which has been accepted by the jury, is that the defendant asked the plaintiff for his certificate for the purpose of placing internal revenue stamps upon the same, and that the defendant has since retained the certificate, although the plaintiff has demanded its return. On the trial of the action there was some evidence of the cost price of this stock, and of its value some considerable time before the trial of the action, and it is urged upon this appeal that there being no evidence to show the value of the chattel at the time of the trial, as provided by section 1726 of the Code of Civil Procedure, the judgment which directs the defendant to restore the stock or pay to the plaintiff the sum of $1,740 is contrary to law, and cannot be supported. Whatever we might think upon this point if the determination of the question were necessary, we are of opinion that the defendant is not in a position to question the judgment. The learned court charged that, if the jury found the facts in favor of Joseph, the defendant should "give him back the 87 shares, or the value thereof, which, on the evidence, I charge you is $1,740." There was no exception to this portion of the charge, and the question of the present value was not submitted to the jury, nor was there any request that it should be submitted. The rule is well settled that where the trial court in its *instructions assumes the existence of certain facts, it will be presumed, on appeal, that such facts were admitted or conclusively proved.* (11 Ency. of Pl. & Pr. 136; *O'Laughlin* v. *Hammond & Co.*, 21 N. Y. St. Repr. 645, 647; *Govers* v. *Hofstatter*, 41 App. Div. 384, 385, and authorities there cited.) The charge of the court was that the value of the shares at the time of the trial, for the charge spoke of the present, was $1,740, and "the only remedy is an exception to a refusal to supply the omission or to correct the false assumption, at the request of the party aggrieved, at the time the error is committed." (*Govers* v. *Hofstatter, supra.*)

It is conceded that there was a conflict of evidence upon the other issues involved in this case, and the jury having found in

favor of the plaintiff, we are of opinion that there is no warrant for disturbing the judgment.

The judgment and order appealed from should be affirmed, with costs.

HIRSCHBERG, P. J., JENKS, HOOKER and MILLER, JJ., concurred.

Judgment and order affirmed, with costs.