(112 App. Div. 330)

## MACDONALD v. MACDONALD.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

APPEAL—REVIEW—FAILURE TO PRESENT QUESTION BELOW—INSTRUCTIONS.

Code Civ. Proc. § 1726, provides that, where a verdict awards a chattel to plaintiff, it must fix the value of the chattel at the time of the trial. The court instructed that defendant should return a certain chattel, or the value thereof, which amounted to a certain sum, and the judgment directed defendant to restore the chattel, or pay to plaintiff the sum mentioned by the court. *Held*, that the judgment was not open to an attack on appeal, on the ground that there was no evidence to show the value of the chattel at the time of trial; it not appearing that defendant took any exception to the court's instruction, or made any request that the present value be submitted to the jury.

Appeal from Trial Term.

Action by J. A. Macdonald against Benjamin J. Macdonald. From a judgment in favor of plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Judgment and order affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

John M. Perry (Robert J. Fox, on the brief), for appellant.
Jonathan Deyo, for respondent.

WOODWARD, J. In April, 1900, the plaintiff purchased 87 shares of a local corporation in Newburg. At the same time the defendant purchased 88 shares of the same stock, separate certificates being issued to each of them. They were at the time engaged in business as copartners, but this stock transaction appears to have been independent of such partnership, and the purchases to have been individual transactions. The plaintiff's version, which has been accepted by the jury, is that the defendant asked the plaintiff for his certificate for the purpose of placing internal revenue stamps upon the same, and that the defendant has since retained the certificate, although the plaintiff has demanded its return. On the trial of the action there was some evidence of the cost price of this stock, and of its value some considerable time before the trial of the action, and it is urged upon this appeal that, there being no evidence to show the value of the chattel at the time of the trial, as provided by section 1726 of the Code of Civil Procedure,

the judgment which directs the defendant to restore the stock or pay to the plaintiff the sum of $1,740 is contrary to law, and cannot be supported.

Whatever we might think upon this point if the determination of the question were necessary, we are of opinion that the defendant is not in a position to question the judgment. The learned court charged that, if the jury found the facts in favor of Joseph, the defendant should "give him back the 87 shares, or the value thereof, which, on the evidence, I charge you is $1,740." There was no exception to this portion of the charge, and the question of the present value was not submitted to the jury, nor was there any request that it should be submitted. The rule is well settled that, where the trial court in its instructions assumes the existence of certain facts, it will be presumed on appeal that such facts were admitted or conclusively proved. 11 Ency. of Pl. & Pr. 136; O'Laughlin v. Hammond & Co., 21 N. Y. St. Rep. 645, 647, 4 N. Y. Supp. 582; Govers v. Hofstatter, 41 App. Div. 384, 385, 58 N. Y. Supp. 550, and authorities there cited. The charge of the court was that the value of the shares at the time of trial (for the charge spoke of the present) was $1,740, and "the only remedy is an exception to a refusal to supply the omission or to correct the false assumption, at the request of the party aggrieved, at the time the error is committed." Govers v. Hofstatter, supra.

It is conceded that there was a conflict of evidence upon the other issues involved in this case, and, the jury having found in favor of the plaintiff, we are of opinion that there is no warrant for disturbing the judgment.

The judgment and order appealed from should be affirmed, with costs. All concur.