Davies, J.
The radical defect in the complaint is, that it contains no averment of interest, either in the plaintiff or in his assignor, in the subject-matter of the insurance. This court, in the case of Ruse v. Mutual Benefit Life Insurance Company (23 N. Y., 516), distinctly enunciated the proposition that a policy, obtained by a party who has no interest in the subject of insurance, is a mere wager policy. It was said, in that case, that, aside from authority, this question would seem to be of easy solution. Such policies, if valid, not only afford facilities for a demoralizing system of gaming, but furnish strong temptations to the party interested to bring about, if possible, the event insured against. In respect to insurances against fire, the obvious temptation presented, by a wagering policy, to the commission of the crime of arson, has generally led the courts to hold such policies void, even at common law. It was so held in England, at an early day, by Lord Chancellor King, in Lynch v. Dalzell (4,Bro. P. C., 431), and by Lord Hardwicks, in Saddlers' Company v. Budcock (2 Atk., 557); and the courts in this country have generally acquiesced in and approved of the doctrine. In this State, such policies would fall under the condemnation of our statute avoiding all *416 wagers and gambling contracts of every sort; but they would, no doubt, also be held void, independently of the statute, at common law. In Howard v. The Albany Insurance Company (3 Denio, 301), Bronson, Ch. J., asserted the necessity of an interest in the assured in all cases; referring, in support of the doctrine, not only to the statute, but to the decisions of Lords King and Hardwicks (supra): and, in this latter case, Judge Bronson insisted that, in fire policies, the assured must have an interest at the time of the loss, as well as when t¿e contract is made. I understand the same doctrine to be distinctly affirmed by this .court in the case of Murdock v. Chenango County Mutual Insurance Company (2 Comst., 210), viz., that, upon a policy against loss by fire, no recovery can be had, unless the insured has an interest in the subject insured at the time of the loss; and an established rule in pleading was enunciated in that case, that the plaintiff, or plaintiffs, must aver every fact necessary to show a right to recover, and every such necessary averment must be proved.
In Peabody v. Washington County Mutual Insurance Company (20 Barb., 340), the plaintiff, Peabody, sued as assignee on a policy issued to his assignor, one Biggs, who was also a co-plaintiff. The complaint averred the insurance on the property of Biggs, and the assignment of the policy to Peabody as collateral security. Demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court held the demurrer well taken as to the plaintiff Peabody, as it did not appear by the complaint that he had any interest at any time in the property insured, and this was fatal to his right to recover; and the court repeats the well-established rule, that the insured must not only have an interest in the subject-matter of the insurance, at the time of insuring, but also at the time the loss happens—(citing 3 Kent’s Com., 371, 375, 4th ed.)
The interest of the assignee must be stated in the complaint, as well as the fire, and other necessary facts, to make out a cause of action. (Granger v. Howard Ins. Co., 5 Wend., 202.) The learned judge who delivered the prevailing opinion, in *417 support of the complaint, in the Supreme Court, says, it is not ordinarily necessary for the plaintiff to allege in his complaint anything which he is not bound to prove in order to make out his case. Hence, he says, it was held, and he believes very generally, that an averment of interest is unnecessary in .declaring on a policy of insurance—citing, as authorities, Nantes v. Thompson (2 East, 385, per Grose, J.); Clendening v. Church (3 Caines, 141); Buchanan v. Ocean Insurance Company (6 Cow., 332). He says, it is true that all these cases were before the passage of our statute to prevent betting and gaming. All of these cases, as is shown in the case of Freeman v. Fulton Fire Insurance Company (14 Abb., 398), decided by the general term of the second district since this demurrer was overruled, were cases of marine insurance. . In such cases an averment of interest was unnecessary, for such policies were valid as wager policies, although the plaintiff in fact had no interest in the subject insured. It follows,- therefore, that neither an averment nor proof of interest could be required to sustain a recovery on such a policy. (Buchanan v. Ocean Ins. Co., supra.)
In the case of Freeman v. Fulton Fire Insurance Company (supra), the Supreme Court held a complaint defective which did not contain an averment that the plaintiff had an interest in the thing insured at the time of the loss, unless the' claim was assigned to him after the loss. In the present case, the policy was assigned before the loss; and, therefore, before the plaintiff could recover, he must prove his interest, and such proof being essential, the interest must be averred in the complaint.
The judgment of the general and special terms must -be reversed, and judgment for defendant, with costs—the plaintiff to have leave to apply to the Supreme Court to amend his complaint on proper terms.
All the judges concurring,
Ordered accordingly.