### DETERMINED IN THE

# THIRD DEPARTMENT

### AT

## GENERAL TERM,

## February, 1895.

---

### David Link, Respondent, v. William Moore, Appellant.

*Allegations in pleadings, privileged if relevant and material — action of libel based thereon.*

The allegations contained in the pleadings in an action, if relevant and material, although false, are absolutely privileged, and an action brought to recover damages for libel cannot be predicated thereon — if not material or pertinent the allegations are not privileged.

APPEAL by the defendant, William Moore, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 19th day of October, 1894, upon the decision of the court rendered at the Rensselaer Special Term overruling the defendant's demurrer to the complaint, with notice of an intention to bring up for review upon such appeal the said interlocutory judgment and the order made at the Rensselaer Special Term and entered in said clerk's office overruling the said demurrer.

*Charles F. Doyle*, for the appellant.

*P. D. Niver*, for the respondent.

PUTNAM, J.:

This action was brought to recover damages for an alleged libel. Defendant, on the 22d day of May, 1892, commenced an action against his wife for adultery, and in the complaint alleged adulterous intercourse between her and the plaintiff. In this action plaintiff

seeks to recover damages for said allegations in the complaint in the divorce action, which he claims were false, malicious and libelous; and he alleges that the action brought by defendant against his wife was not commenced in good faith, and said libelous matter in the complaint therein was not made in good faith, but maliciously and with intent to injure plaintiff. The defendant demurred to the plaintiff's complaint; the demurrer was overruled by the court below, and from the interlocutory judgment entered on such decision this appeal was taken.

It is not claimed that the allegations contained in the complaint in the action of *Moore* v. *Moore*, alleging adultery of the defendant therein with the plaintiff in this action, were not pertinent and material. Such being the case, we are of the opinion that such allegations *were absolutely privileged*, and hence the court below erred in overruling the demurrer.

As we understand it, allegations in the pleadings in an action, if relevant and material, although false, are absolutely privileged. If not material or pertinent they are not privileged. The law on the subject is clearly stated by ANDREWS, J., in *Moore* v. *The Mfrs. Nat. Bank* (123 N. Y. 420–425). A quotation from his opinion seems all that is necessary to be written in this case. He says: "There is another class of privileged communications where the privilege is absolute. They are defined in *Hastings* v. *Lusk* (22 Wend. 410). In this class are included slanderous statements made by parties, counsel or witnesses in the course of judicial proceedings, and also libelous charges in pleadings, affidavits or other papers used in the course of the prosecution or defense of an action. In questions falling within the absolute privilege the question of malice has no place. However malicious the intent, or however false the charge may have been, the law, from consideration of public policy and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or slander. This privilege, however, is not a license which protects every slanderous publication or statement made in the course of judicial proceedings. It extends only to such matters as are relevant or material to the litigation, or at least it does not protect slanderous publications, plainly irrelevant and impertinent, voluntarily made, and which the party in making them could not reasonably

have supposed to be relevant. (*Ring* v. *Wheeler*, 7 Cow. 725; *Hastings* v. *Lusk*, 22 Wend. 410; *Gilbert* v. *People*, 1 Den. 41; GROVER, J., *Marsh* v. *Ellsworth*, 50 N. Y. 309; *Rice* v. *Coolidge*, 121 Mass. 393; *McLaughlin* v. *Cowley*, 127 id. 316.)"

It will be found that the cases cited in the above-quoted extract fully sustain the views therein stated. Thus, in *Marsh* v. *Ellsworth* (50 N. Y. 309) GROVER, J., says: "The law is well settled that a counsel or party conducting judicial proceedings is privileged in respect to words or writings used in the course of such proceedings, reflecting injuriously upon others, when such words and writings are material and pertinent to the questions involved, *and that within such limit the protection is complete irrespective of the motive with which they are used.*"

BEARDSLEY, J., in *Gilbert* v. *The People* (1 Den. 43), says: "If what is said or written is pertinent and material to the controversy, the protection to parties, and those who represent them (for all stand on the same ground), *is absolute and unqualified, and no one shall be permitted to allege that it was done with malice.*" To the same effect, see *Hastings* v. *Lusk* (22 Wend. 417); *Garr* v. *Selden* (4 Comst. 91); *Purzel* v. *Tousey* (52 N. Y. Super. Ct. 88).

There is another class of cases where words which are not uttered by parties, counsel or witnesses in legal proceedings are held to be privileged, as words used in giving a character to a servant or answering an authorized inquiry as to the solvency of a tradesman, and many other instances. In the opinion in *Moore* v. *M. N. Bank et al.* (*supra*), at page 425, it is said in regard to such utterances: "In these and like cases the privilege is not absolute but conditional; that is to say, the occasion being lawful, the communication is *prima facie* privileged, and rebuts the inference of malice which would otherwise arise, and imposes on the plaintiff, who prosecutes an action of slander or libel, the burden of proving that the defendant was moved by actual malicious intent in making the communication, and, failing in that, he fails in the action." The cases where it has been assumed or held that an action of libel may be maintained where the matter alleged to be libelous was privileged are generally of this class, as *Klinck* v. *Colby* (46 N. Y. 427–431); *Kine* v. *Sewell* (3 M. & W. 297), and many other cases that might be cited.

In *Dada* v. *Piper* (41 Hun, 254), to which we are cited by the

learned counsel for respondent, the action was brought against the attorney for the plaintiff, in a previous action, to recover damages for an alleged libel contained in the complaint in such action, and on the trial the plaintiff, after introducing the complaint (alleged to be libelous) in evidence, rested without offering other testimony. The court dismissed the complaint on the ground that the statements therein claimed to be libelous were privileged, and the judgment was affirmed on appeal. The judge delivering the opinion of the General Term assumed that the action could have been maintained had the plaintiffs showed the falsity of the charges contained in the complaint alleged to be libelous, and that said charges were malicious and made in bad faith on the part of the pleader. But this assumption was obiter and cannot be deemed an authority.

Under the authorities above set out we think the court below erred in overruling the demurrer interposed by the defendant, and hence that the judgment should be reversed and judgment on the demurrer rendered for the defendant, with costs in this court and the court below.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed and judgment rendered for the defendant on the demurrer, with costs, together with the costs of this appeal.