## GARBY v. BENNETT.

(Supreme Court, Appellate Division, Second Department.   May 2. 1899.)

1. LIBEL—REPORT OF LEGISLATIVE PROCEEDINGS—QUESTIONS FOR JURY.
Where defendant in an action for libel introduces evidence that a publication libelous on its face is a report of legislative proceedings, the question is for the jury whether the publication gives a fair narrative of what had happened in the legislature.

2. SAME.
Where a publication alleged to be libelous is capable of two constructions,—one defamatory, and the other not,—it is for the jury to determine in which sense the words were intended.

3. SAME—PLEADING.
A complaint for libel is not bad on demurrer, though it does not, by means of innuendoes, point out the injurious meaning ascribed to the publication.
Goodrich, P. J., dissenting.

Appeal from trial term, Richmond county.

Action by George Garby against James Gordon Bennett.   From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Flamen B. Candler, for appellant.
John S. Davenport, for respondent.

WILLARD BARTLETT, J.   Only certain portions of the article complained of are libelous on their face.   As to these, the defendant offered evidence from which the jury might have found that they constituted a fair report of legislative proceedings.   Being capable of this view, the jury should have been allowed to determine whether, as matter of fact, these parts of the publication merely gave a fair narrative of what had actually happened in the legislature, or went further, and therefore made the publisher liable for their defamatory character.   As to the remainder of the article, I think it is susceptible of different meanings,—one libelous, and the other not imputing any wrongdoing to the plaintiff.   Where the language of a publication alleged to be libelous is ambiguous, and capable of two constructions,—one defamatory, and the other innocent,—it is for the jury to determine in which sense the words were intended and understood.   Hayes v. Ball, 72 N. Y. 418, 421. While, under such circumstances, it is usual, by means of innuendoes in the complaint, to point out the injurious meaning ascribed to the publication by the plaintiff, a failure to do so does not render the complaint bad on demurrer.   Wesley v. Bennett, 5 Abb. Prac. 498.

It follows that the question of the interpretation of the ambiguous portions of the article should have been left to the jury, so that they might say what the publisher meant to have understood as the meaning of the language by the readers of the newspaper in which it appeared.   Instead of thus allowing the jury to pass upon the true construction of the publication, the learned trial judge

instructed them, as a matter of law, that it was false and libelous. This, also, seems to me to have been error which requires a reversal of the judgment.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except GOODRICH, P. J., dissenting.

GOODRICH, P. J. (dissenting). I cannot assent to the proposition that the articles in question are susceptible of any other meaning than that they imputed wrongdoing to the plaintiff in his official capacity as a member of the assembly. Reading them together, they charge him with being one of ten gas acrobats, who had changed their votes on the gas bill from corrupt motives, and for a price offered by the gas lobby. If this is not libelous per se, it is difficult to frame a libel.