A. PARKE PAYNE, Respondent, *v.* CHARLES BROADWAY ROUSS, Appellant.

*Libel — letter by an employer in reference to an employee — when not privileged as matter of law — the questions as to its true sense and as to good faith are for the jury — punitive damages.*

In an action for libel it appeared that the defendant wrote the following letter concerning the plaintiff:

" Under date of February 3rd you sent us a letter recommending A. F. Payne as being worthy of confidence and entitled to a position of manager of one of our stores. We gave him a position, and as a result lost $2,000 by him. Investigation of his actions during the time he was in charge of our business showed that he spent the greater part of his time playing pool, and that he had questionable connections in the suburbs of Pittston, where our store was.

" We mention these facts that you may know the true character of the man, and will be glad to have you tell us where he can be found at present, if you know, or whether his people are in your vicinity, and if you think there would be any chance of recovering any part of the amount lost by him."

*Held,* that if the letter was not libelous as a matter of law, and was susceptible of a harmless construction, it was a question for the jury whether it was uttered and understood in its libelous, rather than its harmless, significance;

That it could not be said as matter of law that the letter was privileged, and that as the evidence warranted a finding that the letter was not written in good faith, or that, if it was, there was a reckless disregard of the ordinary methods of gathering information on which to base charges of such a serious character, a verdict in favor of the plaintiff would not be disturbed;

That, under the circumstances, the court properly charged the jury that they might award punitive damages.

*Semble,* that while the judge presiding at the trial of an action for libel may determine whether the subject-matter of the libel and the interest of the defendant in it are such as to render the communication privileged, the questions of good faith, belief in the truth of the statement and the existence of actual malice are for the jury.

APPEAL by the defendant, Charles Broadway Rouss, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of June, 1899, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 28th day of June, 1899, denying the defendant's motion for a new trial made upon the minutes.

*Demetrius F. Myers,* for the appellant.

*Thomas C. Whitlock,* for the respondent.

WOODWARD, J. :

This is an action for libel. The plaintiff, a young man twenty-five years of age, entered the employ of the defendant in a whole-sale store in the city of New York, and was afterwards sent to Pittston, Penn., to take the management of a branch store, under a contract which permitted the plaintiff to become the owner of the store upon paying for the goods in the manner agreed upon. Plaintiff went to Pittston in February, and left that place in June of 1898, to accept a position in New York. The matter complained of as libelous is to be found in the following letter :

" W. W. WADDELL,

"Charlottesville, Va. :

"Under date of February 3rd you sent us a letter recommending A. P. Payne as being worthy of confidence and entitled to a position of manager of one of our stores. We gave him a position, and as a result lost $2,000 by him. Investigation of his actions during the time he was in charge of our business showed that he spent the greater part of his time playing pool, and that he had questionable connections in the suburbs of Pittston, where our store was.

"We mention these facts that you may know the true character of the man, and will be glad to have you tell us where he can be found at present, if you know, or whether his people are in your vicinity, and if you think there would be any chance of recovering any part of the amount lost by him.

                              "Yours respectfully,
                                        "C. B. ROUSS."

It is difficult to see how any fairly intelligent man could read this letter without coming to the conclusion that the defendant intended that Mr. Waddell, who had recommended the plaintiff as being worthy of confidence, should understand that he had been mistaken in the man, and that he was not only unworthy of confidence, but that he was dishonest and morally delinquent. Conceding, however, that some other conclusion could be arrived at, and that the words were not libelous as a matter of law, it was certainly for the jury to determine in what sense they were uttered and understood. (*Hayes* v. *Ball,* 72 N. Y. 422; *Garby* v. *Bennett,* 40 App. Div. 163.)

The defendant urges that he has a lawful excuse ; that the letter was a privileged communication, and that it was, therefore, necessary for the plaintiff to show express malice. The question, it seems to us, was one for the jury under the evidence in this case. The court may determine whether the subject-matter to which the alleged libel relates, the interest in it of the defendant or his relations to it, are such as to furnish the excuse. But the questions of good faith, belief in the truth of the statement, and the existence of actual malice, remain, although the court should hold that, *prima facie*, the communication was privileged. And these questions are for the jury. (*Klinck* v. *Colby*, 46 N. Y. 427, and authorities cited.) There is clearly nothing in the letter from which the court would be justified in saying that the defendant was privileged, as a matter of law, to tell Mr. Waddell of the plaintiff's alleged " questionable connections in the suburbs of Pittston." It is a matter of common knowledge that men who have " questionable connections " in various localities are yet " worthy of confidence " in the transaction of mercantile pursuits, and this matter does not seem to have had any proper place in the communication, conceding it to have been proper for the defendant, if the facts stated were based upon information which he had a right to believe to be true, to have called the attention of Mr. Waddell to the alleged business delinquencies of the plaintiff, in an effort to protect himself against loss. The evidence on the trial was such that the jury had a right to believe that the letter was not written in good faith, or, if it was, that there was such a reckless disregard of the ordinary means of gathering information on which to base charges of a serious character, that the defendant has no right to claim immunity for his acts. The jury has evidently reached this conclusion in arriving at its verdict, and we find no reason to disturb the finding. (See *Smith* v. *Matthews*, 152 N. Y. 152.)

As the alleged errors of the court, in its charge to the jury, are based largely upon the proposition that the communication was privileged, these fall with the conclusion which we have reached in respect to that question, and we do not find merit in the others which are urged upon our attention.

It is a sufficient answer to the proposition that the court erred in charging that the jury might award punitive damages to say, in the

language of the court in *Smith* v. *Matthews* (*supra*), that "it has been repeatedly held in this State that a libel recklessly or carelessly published, as well as one induced by personal ill-will, will support an award of punitive damages."

That the award of $5,000 is not excessive, under the facts in this case, sufficiently appears, and the judgment appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.