GEORGE GARBY, Appellant, v. JAMES GORDON BENNETT, Respondent.

LIBEL — PRIVILEGED PUBLICATION. Upon the trial of an action to recover damages sustained from publications in a newspaper, alleged to have been libelous in their imputations upon the plaintiff's action as a member of the state legislature, a refusal to charge that if the jury find "the publication complained of is a fair and true report of a legislative proceeding and that it was published without actual malice, it is privileged and the verdict must be for the defendant," is reversible error.

*Garby* v. *Bennett*, 40 App. Div. 163, affirmed.

(Argued March 27, 1901; decided April 4, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 2, 1899, which reversed a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John S. Davenport* for appellant. No request to submit the question of the interpretation of the article as ambiguous to the jury having been made, the judgment should not have been reversed for failure so to do. (*Muller* v. *McKesson*, 73 N. Y. 195; *Flandreau* v. *Elsworth*, 151 N. Y. 473.)

*Flamen B. Candler*, *William Jay* and *Robert W. Candler* for respondent. The Appellate Division, in reversing the

judgment and order appealed from, committed no error. (*Picard* v. *Lang*, 3 App. Div. 51; *Vogedes* v. *Beakes*, 38 App. Div. 380; *Vorce* v. *Oppenheim*, 37 App. Div. 69; *Bruce* v. *F. D. & C. H. Co.*, 47 App. Div. 273; *Bodine* v. *Andrews*, 47 App. Div. 495; *Standard Oil Co.* v. *A. Ins. Co.*, 79 N. Y. 506; *Hamilton* v. *Eno*, 81 N. Y. 127; *Lewis & Herrick* v. *Chapman*, 16 N. Y. 369; *Van Vechten* v. *Hopkins*, 5 Johns. 211; *M'Connell* v. *Hampton*, 12 Johns. 234.)

*Per Curiam.* This action was brought by the plaintiff to recover the damages sustained by him from publications in " The New York Herald," a newspaper owned by the defendant, which were alleged to have been libelous in their imputations upon his action, as a member of the state legislature, upon certain proposed legislation. The trial judge had charged the jury that the article was libelous and had left it to them to assess the damages, upon a consideration of the facts brought out by the evidence. After the charge was concluded, the defendant's counsel requested the court to charge that " if you find that the publication complained of is a fair and true report of a legislative proceeding, and that it was published without actual malice, it is privileged, and the verdict must be for the defendant." This request was refused; the defendant excepted, and the jury subsequently returned a verdict for the plaintiff. The judgment entered upon the verdict was reversed by the Appellate Division, in the second department, and a new trial ordered, upon the ground that it was error for the trial judge to instruct the jury that, as matter of law, the publication was libelous and false, and that it should have been left to the jury to pass upon the construction of the publication and to determine whether it merely gave a fair narrative of what had actually happened in the legislature, or went further and, therefore, made the publisher liable for its defamatory character.

By section 1907 of the Code of Civil Procedure, it was expressly provided that an action could not be maintained

against a defendant, as the publisher or proprietor of a news-paper, for the publication therein of a fair and true report of any legislative or other public proceedings, without proving actual malice in making the report. We think that the defendant was entitled to have the jury instructed upon the law, as requested, and that the refusal to so charge was an error which justified the reversal of the judgment by the Appellate Division.

For this reason the order appealed from should be affirmed and judgment absolute should be rendered against the appellant upon his stipulation, with costs to the respondent in all the courts.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, LANDON and WERNER, JJ., concur; CULLEN, J., not sitting.

Ordered accordingly.