EMILY SICKLES, Appellant, v. ABRAM KLING, Respondent.

*Libelous statement in an attorney's brief — the question of pertinency is for the court — the questions of good faith, belief in its truth and actual malice are not involved.*

In actions of libel the questions as to good faith or belief in the truth of the alleged libelous statement or of actual malice can only arise in cases of conditional privilege.

Libelous charges contained in an attorney's brief on appeal are, if pertinent to the issue, absolutely privileged.

The question whether the alleged libelous charge was pertinent to the issue is one for the court to determine.

Where a woman brought an action to procure an adjudication that certain property which the defendant Allen had conveyed to the defendant Seaver belonged to her, and on an appeal from an order appointing a receiver of the property Allen's attorney presented a brief in which he made the following statement concerning the plaintiff: "She became Allen's agent while they were related together in the city of New York, since which time she has formed a new relationship with one Sickles," the court considered that the facts and circumstances attending the allegation were sufficient to justify a finding that the matter quoted was pertinent to the question before the court on the appeal, even if such matter were open to the interpretation that it was intended to charge the plaintiff with being unchaste and with having unlawfully cohabited with Allen and Sickles.

*Semble,* that the matter was not subject to such an interpretation.

APPEAL by the plaintiff, Emily Sickles, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 4th day of May, 1900, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term, and also from an order, entered in said clerk's office on the 1st day of June, 1900, denying the plaintiff's motion for a new trial made upon the minutes.

*Ferdinand E. M. Bullowa,* for the appellant.

*Abram Kling,* respondent in person.

JENKS, J. .

The plaintiff appeals from a judgment entered upon the dismissal of her complaint at the Trial Term upon the close of her case, and

from an order refusing a new trial. This action is in libel, and the dismissal was based upon defendant's plea of his privilege as an attorney and counselor at law.

Mr. Allen conveyed to Mr. Seaver two apartment houses in the city of New York, renting for $500 a month. This plaintiff then sued Allen and Seaver, alleging her ownership of the houses in that she had given the purchase money to Allen, who had taken the title in his own name, and she prayed that the deed of Allen to Seaver might be adjudged a fraud and void. This defendant was retained in that action as attorney and counsel for Allen. The exact date of the beginning of her suit does not appear, but on July 27, 1899, the defendant obtained an order to show cause why a receiver of the premises should not be appointed, and in September, 1899, an order was made that appointed a receiver of the premises save an apartment therein occupied by the plaintiff. The plaintiff appealed therefrom to the Appellate Division, and in the printed points subscribed by the defendant and used by him on the hearing of the appeal, he applied these words to the plaintiff : " She became Allen's agent while they were related together in the city of New York, since which time she has formed a new relationship with one Sickles." This action is for libel in that these words charge the plaintiff with being unchaste, with unlawful cohabitation with Allen, and with unlawful cohabitation with Sickles. The plaintiff proved that she had been married to Mr. Sickles on June 22, 1899, read in evidence an affidavit of Mr. Kling filed in the said litigation which showed that he knew of said marriage, proved that the points were printed in November, 1899, and, with the admission that they, containing the alleged libel, had been printed and submitted to the Appellate Division, rested. The motion to dismiss was granted. A motion for a new trial was subsequently denied in an elaborate and learned opinion.*

Whether matter is privileged is a question of law. (*Warner* v. *Press Publishing Co.*, 132 N. Y. 181; *Byam* v. *Collins*, 111 id. 143, 150 ; *Klinck* v. *Colby*, 46 id. 427 ; *Hamilton* v. *Eno*, 81 id. 116; *Link* v. *Moore*, 84 Hun, 118; affd. on opinion, 156 N. Y. 661.) Any questions as to good faith or belief in the truth of

---

* This opinion is reported in 31 Miscellaneous Reports, 287.

the statement or of actual malice are for the jury. But it is only in cases of conditional privilege that such questions can have place. So far as the privilege of an attorney is concerned those questions are never considered. That is, if the words be within the privilege the action is defeated. (*Moore* v. *Manufacturers' Nat. Bank,* 123 N. Y. 420; *Link* v. *Moore, supra; Marsh* v. *Ellsworth,* 50 id. 309.) We must first define the privilege of an attorney and counselor at law in order to understand what was involved in the question of law passed upon by the court. In *Hemmens* v. *Nelson* (138 N. Y. 517, 523) the court, per O'BRIEN, J., say : " In some cases, the privilege which the law gives to persons in such circumstances, to speak freely is absolute, however malicious the intent or false the charge may be. This immunity applies to words defamatory of the character of another spoken by a member of a legislative body in debate or in due course of proceedings, by counsel in arguments, pertinent to the issue before the courts of justice, by military officers in reports or statements to their superiors, and all acts of state. From considerations of public policy, and to secure the unembarrassed and efficient administration of justice and public affairs, the law denies to the defamed party any remedy through an action for libel or slander in such cases. (*Hastings* v. *Lusk,* 22 Wend. 410; *Moore* v. *M. N. Bank, etc.,* 123 N. Y. 420.)" In *Moore* v. *Manufacturers' Nat. Bank (supra)* ANDREWS, J., says: "There is another class of privileged communications where the privilege is absolute. They are defined in *Hastings* v. *Lusk* (22 Wend. 410). In this class are included slanderous statements made by parties, counsel or witnesses in the course of judicial proceedings, and also libelous charges in pleadings, affidavits or other papers used in the course of the prosecution or defense of an action." Many authorities are cited. (See, too, *Marsh* v. *Ellsworth, supra; Youmans* v. *Smith,* 153 N. Y. 214.) The definition of ANDREWS, J., in *Moore* v. *Manufacturers' Nat. Bank (supra),* is quoted at length in *Link* v. *Moore (supra),* which was affirmed on that opinion in 156 New York, at page 661. This privilege, then, is absolute, save that it is not, in the words of ANDREWS, J., a license to " protect slanderous publications plainly irrelevant and impertinent, voluntarily made, and which the party making them could not reasonably have supposed to be relevant."

Thus in *Hastings* v. *Lusk* (*supra*), the chancellor points out that the privilege would not protect a counsel who, in argument, would take the opportunity to say of a party against whom there was nothing in the evidence to justify a suspicion of the kind, that he was a thief or a murderer. In the determination of the question of the attorney's privilege in the case at bar, then, it was for the court to decide whether the language was material and pertinent, or whether the counsel went beyond the bounds of reason and brought into the case matter so obviously impertinent as not to admit of discussion. VANN, J., in *Youmans* v. *Smith* (*supra*), says that the courts are liberal in the application of the principle even to extending its protection to matters that may only "possibly be pertinent."

The printed paper that contained the words is one recognized and authorized by the court in the procedure of appeal, and is termed indiscriminately a brief or points. This is generally understood to present not merely a statement of the facts, but the skeleton of the argument, and so inferences as well as conclusions. It also generally refers to decisions deemed to be precedents or authorities. There is an essential distinction between such a paper and complaints, answers, affidavits or the like, which should only show facts and not the play of reason. Moreover, in the case at bar, the paper was divided into "Statement of Facts" and "Points," and the language in question was printed under the "First Point;" that is, in an argumentative part of the brief. The question before the Appellate Division was whether the defendant was entitled to a temporary receiver. Plaintiff challenged his ownership in that she had furnished purchase money. She also showed that she had been and was in possession and had collected the rents. It was pertinent for the defendant to meet these allegations. If the plaintiff's possession and handling of the rents were in subordination to Allen's title, or if she went into possession and collected the rents through his friendship or his favor, then these facts relied upon by the plaintiff were explained as consistent with Allen's title. Putting together the allegations which the defendant could find in the record, the proposition may be stated thus: A man bought certain realty in the city of New York of a rental value of $500 a month, and shortly thereafter let the plaintiff, a woman of marriageable age, but not joined to him

by blood or by marriage, occupy an apartment therein for several years. When ordered to duty in the west the man permitted the woman to remain in the apartment and to collect the rents of the houses, and to remit to him, which she did. Four years passed and then, when the man sought to transfer the property, the woman alleged that she owned it, because she had furnished the purchase money therefor. The woman was impecunious. The man resides in California. His wife lives in New York city and does not join in his deed. There is written evidence signed by the woman, which evidence is in defendant's possession, that she is not the owner. At one time the man considered the step of purchasing the premises in her name. Question : Is an inference, from these facts, that the tie between the man and the woman was meretricious "so obviously impertinent as not to admit of discussion, and so needlessly defamatory as to warrant the inference of express malice ? " (I adopt the language of VANN, J., in *Youmans* v. *Smith, supra.*) I think that it is not, and it therefore follows, I think, that Mr. Justice GAYNOR, the learned trial justice, was right in holding that even if the words must be taken in the sense complained of they were within the privilege. If this view be correct it ends the case ; but I may go further to say that, in my opinion, the words do not justify only a conclusion that they charge a meretricious tie between the plaintiff and Allen. Surely the word "relation" did not necessarily convey the idea of illicit connection ! And the words "new relationship with one Sickles" did not, because the defendant himself had deposed that the plaintiff and Mr. Sickles were married. If Allen owned the house and gave the plaintiff residence therein for reasons not at all based upon any illicit relations, and afterwards, on his departure for the west, made her his agent, it could be said that she became his agent while they were related together without violence to the meaning of the word "relation," and without impugning her virtue. The learned counsel for the appellant insists that the meaning conveyed by the words, if ambiguous, was for the jury to determine, and cites *Payne* v. *Rouss* (46 App. Div. 315, 317) ; *Warner* v. *Press Publishing Co.* *(supra)* ; *Hamilton* v. *Eno* *(supra).* In *Payne* v. *Rouss* *(supra),* which was a case of conditional privilege, we said : " The court may determine whether the subject-matter to which the alleged libel

relates, the interest in it of the defendant or his relations to it, are such as to furnish the excuse." In *Warner* v. *Press Publishing Co.* (*supra*), also a case of conditional privilege, the court said that ordinarily whether a publication is privileged is a question of law for the court, but in that case, as the evidence presented by the plaintiff was to the effect that the matters in the publication on which the complaint was made were neither introduced in evidence nor presented in court for such a purpose, and, therefore, formed no part of the hearing which the defendant pretended to report, and, as the defendant sought to prove the contrary, the case was, therefore, brought within the rule "that where the facts upon which defendant bases his claim are challenged, the court must submit the question to the jury." So there would be a question for the jury in the case at bar if it were alleged and sustaining proof were offered that the offending words were not printed and published by counsel in the course of any judicial proceeding. In *Hamilton* v. *Eno* (*supra*), a third case of conditional privilege, the court passed upon the question whether the communication was privileged, and though the appellant argued that the jury must be left to determine whether the alleged libel was in excess of privilege, the judgment was affirmed. As this privilege of counsel, though termed absoulte, is yet qualified so that it does not afford a license for impertinent slander, whoever decides the question of privilege must preforce decide whether the language used was within or without the limit of it. To hold that the jury must do this is to substitute the jury for the court. The learned counsel for the appellant, who argued his case with so much ability, has not, in his citation of authorities, always remembered the distinction between *absolute* privilege and *conditional* privilege as pointed out in *Link* v. *Moore* (*supra*) ; in *Moore* v. *Manufacturers' Nat. Bank* (*supra*) ; in *Hemmens* v. *Nelson* (*supra*), and in other cases.

Advocacy implies argument. So pertinence is made the test of this privilege, which is but the principle of free speech in the administration of justice. This test protects him attacked by the advocate, for it does not prevent redress of accusations made without the facts ; it protects, too, the advocate, for it assures to him the play of his reason within the facts. The advocate does not speak mindful of another day when he will be called upon to justify his inferences

as if they had been charged as facts or to vindicate his conclusions by the axioms of logic. His conclusion may be lame and impotent, his inferences far-fetched or feeble, but so long as they can be deemed to be possibly pertinent, so long are they protected.

All concurred, except SEWELL, J., taking no part.

Judgment and order affirmed, with costs.