## VINCENT v. ONDERDONK.

(Supreme Court, Appellate Division, Second Department.  September 29, 1905.)

LIBEL—QUESTION FOR JURY.

In an action for publication of a newspaper article concerning the conduct of the counsel to a county board of supervisors, *held*, that whether the publication was libelous was for the jury.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 357.]

Appeal from Trial Term, Nassau County.

Action by John Vincent against Alonzo M. Onderdonk, editor of the Hempstead Inquirer, for an alleged libelous article published in such paper. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The article published is as follows:

"The Pilot has taken to praising Mr. Vincent, the county counsel, who rarely attends the meetings of the board of supervisors to counsel or draw up resolutions, or in fact to attend to any of the legal matters appertaining to the duties of the county counsel. This paper has heretofore absolutely refrained from passing comment upon Mr. Vincent, his apparent indifference as to his legal duties in connection with the board of supervisors, and it has no desire to hurt that gentleman's feelings, even though he draws a good salary for doing nothing. In the firm stand for economy and good government made by the present board of supervisors, the counsel for the board should have entered heart and soul into their efforts to create a model county government, based upon economy and the taxpayers' interest. Did he do so? Not a bit of it. Vacillation on his part probably proceeded from the fact that he was not in close touch with the board as it is now constituted. Mr. Vincent was elected by the Jones-Willetts combine, and, recommended as he was, he would not have been called upon to hurt, by the drafting of any resolution injurious to their interests, the members of the old board who expected to sit as supervisors. The incoming of Supervisor Willis and the dropping out of Mr. Willetts changed the entire aspect of matters, and Mr. Vincent found himself in a position where he would have to reverse his intended 'acquiescent' condition of doing business, or buckle on the armor and fight right through to uncover the mine of wrongdoing and bring those guilty to judgment. It was fight, or lay down. In a quiet way he tried to lay down. His stooping attitude was openly noticed; hence the fear of attempting to cross the bridge with so unsafe a guide. At a critical moment Mr. Halstead Scudder, who had fought hard to create Nassau county, who can properly be called the 'Father of Nassau County,' and who had pride in its good government, offered his services free to the board of supervisors; hence the reason that Mr. Vincent has laid down almost completely, and Mr. Scudder is looking out for the county's interests, doing it without charge to the county."

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

Augustus Van Wyck (Edward J. McGuire, on the brief), for appellant.

William W. Gillen, for respondent.

PER CURIAM. We are of opinion that under the doctrine of Garby v. Bennett, 40 App. Div. 163, 57 N. Y. Supp. 853, affirmed 166 N. Y. 392, 59 N. E. 1117, the case presented a question for the jury.

The judgment must be reversed, and a new trial be granted; costs to abide the event.