## SUPREME COURT—APP. DIVISION—FOURTH DEP., May 6, 1908.

## THE PEOPLE v. FRANK M. CORNELL.

(126 App. Div. 151.)

LIBEL—EVIDENCE IN JUSTIFICATION.

Where a libel upon a judge is in its terms broad enough to charge him with a lack of conception of the dignity of his position and unfitness for that position, the defendant in justification may prove specific acts of the judge while upon the bench, although the article itself only gave specific instances of misconduct at chambers.

McLENNAN, P. J., dissented.

APPEAL by the defendant, Frank M. Cornell, from a judgment of the Supreme Court, rendered on the 27th day of April, 1906, after a trial at the Oswego Trial Term, convicting the defendant of the crime of libel.

*Frederick G. Spencer* and *Udelle Bartlett,* for the appellant.

*W. B. Baker, District Attorney,* for the respondent.

SPRING, J.:

The appellant was the editor and proprietor of the Fulton *Patriot* a newspaper published in the city of Fulton, Oswego county, in January, 1906, and for some time preceding. Early in 1906 it was currently reported that Merrick Stowell, county judge and a prominent citizen of said county, was an applicant for the important position of State Commissioner of Excise, which was soon to be filled by the Governor of the State. Judge Stowell had long been active in the management of Republican politics in the county and quite naturally had engendered considerable bitter opposition among partisans disagreeing with him. A political organization of the county bearing the name

of the Roosevelt Republican League comprised members opposed to Judge Stowell, and they held a meeting in the city of Oswego, January 12, 1906, at which the candidacy of Judge Stowell was discussed and resolutions adopted animadverting severely upon his political activity, and especially while holding the office of county judge, and protesting against his selection for the State office mentioned.

The defendant was present at this meeting, participated in the discussions which were had, and at the request of some of the members published the resolutions in his newspaper, and the papers containing them were generally circulated among the citizens of the county, and he has been indicted and convicted of libel for their publication.

We do not intend to discuss the facts or questions involved, except only so far as deemed essential to enable us to pass upon certain rulings of the court, which, we believe, call for a reversal of the judgment.

The article published is lengthy and is set out in full in the indictment. The part which is now pertinent reads as follows: " He (Judge Stowell) has been County Judge of our county for thirteen years, and during that time he has shown a pitiful and most miserable lack of conception of the dignity and nobility of judicial position. During his tenure of the County Judgeship the County Court chambers have been used for political headquarters. They have been the gathering place for the ward and town politicians from all sections of the county. In them has been erected the political throne around which the timeservers and political vassals have knelt and worshipped, and there they have either been blest or damned by the political master on the bench, according to the quality of their service. From this throne, erected in judicial position, have been issued the orders that have run and controlled the political machinery of the county. The throng that has elbowed its way back and forth, to and from this throne, on and shortly before election day, has

not added dignity to the bench, because it could not be a credit
nor give character to a towpath or lumber camp."

The court instructed the jury that the first sentence quoted
was not, to use his language, "a general charge that Judge
Stowell has shown a lack of conception of the dignity and no-
bility of his judicial position. It is a charge that he has shown
that lack of conception of the dignity of that position because
of what follows; because of his use of the County Court cham-
bers; because of his relations with the District Attorney; be-
cause of the persons that he has surrounded himself with, and
that is all that it means."

We think this too narrow a construction of the general lan-
guage employed. The primary accusation is contained in the
sweeping statement of the lack of appreciation of the judicial
position which Judge Stowell held. The purpose of the article,
as already noted, was to show the unfitness of Judge Stowell
for the position of State Commissioner of Excise. It was
charged that he had been persistent in seeking office; was arbi-
trary, dictatorial and domineering in the exercise of political
power. His judicial conduct is then impugned, and his failure
to comprehend the dignity of the position he occupied is alleged,
and specific instances are given illustrating the truth of the ac-
cusation. Upon the trial the defendant, who was endeavoring to
prove the truthfulness of the charges, attempted to show acts of
Judge Stowell while on the bench in the court room which, it
was claimed, would substantiate the accusation and tend to show
his unfitness for the office for which he was an aspirant.

For instance, Judge Stowell presided at a term of the County
Court at the court house of Oswego county in December, 1904.
A lawyer named Mizen was in attendance and testified that he
was called to the bench by Judge Stowell during a lull in the
trial of a case and a conversation ensued between them. The
defendant attempted to show that Judge Stowell advised the
witness to get a retainer from a prisoner confined in the jail,

and who had been convicted by a justice of the peace acting in place of the recorder of the city, appeal from the judgment of conviction, and that he, the county judge, would release the prisoner and hold the conviction worthless on the ground that the magistrate lacked jurisdiction. The court excluded this proof for the reason that the act was not committed at the judge's chambers, and was not one of those enumerated in the article published. There was other proof offered of acts claimed to have been committed by Judge Stowell while on the bench in the court house which may have tended to vindicate the truthfulness of the general charge already adverted to, which was excluded for the reason mentioned, and proper exceptions were taken to the exclusion of all this evidence.

We think proof of this character was fairly within the scope of the entire article and of the general charge quoted, and may have been important to enable the defendant to establish that he had accurately gauged the official conduct of Judge Stowell. If the defendant was able to show derelictions of Judge Stowell while on the bench that proof supported the charge made, as well as infractions committed at chambers. The fact that defendant had stated one or two instances in vindication of the correctness of the accusation did not debar him, when its truth was challenged, from making proof of other delinquencies of the judge when acting in his judicial capacity.

For these errors in excluding the testimony referred to and limiting the article in the manner mentioned, the judgment should be reversed and a new trial granted.

All concurred, except McLENNAN, P. J., who dissented.

Judgment of conviction reversed and new trial granted.

## NOTE ON LIBEL.

### (See 15 N. Y. Cr. Rep. 419.)

**WHO MAY MAINTAIN.**

Where publication refers to a group of persons, although true in part, were erroneous and defamatory in some respects, one person referred to in article may maintain action as if he were only one mentioned. Bornmann v. Star Co., 174 N. Y. 212.

Libel of a class held to be properly actionable by one answering to description. Weston v. Commercial, 148 N. Y. 479.

Corporation may maintain action. Reporters v. Sun, 186 N. Y. 437.

**AGAINST WHOM.**

Proprietor of paper who leaves entire management to subordinate responsible for libellous publications therein contained. Crane v. Bennett, 177 N. Y. 106.

May be maintained against citizen of State by citizen of foreign government. Crassly v. Press, 179 N. Y. 27.

Action for L. which has abated because of dissolution of corporate defendant, may be continued and revived against former directors, to reach funds in their hands as trustees of defunct corporation. Shayne v. Evening Post Pub. Co., 168 N. Y. 70.

Unjust and malicious criticisms of manufactured article, published in magazine, where no remedy at law because of inability to prove special damage, not subject of equitable cognizance, and future publication cannot be restrained by injunction. Marlin v. Shields, 171 N. Y. 384.

**PLEADING.**

Allegation that publication was of and concerning plaintiff held sufficient. Stokes v. Morning Journal, 72 Ap. Div. 184.

Complaint not demurrable because not charged that article printed in foreign language was understood by readers. Peters v. Morning Journal, 74 Ap. Div. 305.

When complaint is demurrable for failing to state facts showing plaintiff to be the person mentioned in the libel. Corr v. Sun Pr. & Pub. Co., 177 N. Y. 131.

·When necessary to plead extrinsic facts. Van Heusen v. Argenteau, 194 N. Y. 309; McNamara v. Goldan, 149 N. Y. 315. ·

Whether defamatory statements apply to person in his professional capacity a question of law. Bornmann v. Star Co., 174 N. Y. 212.

If language plain and unambiguous, court's duty to determine character, if otherwise, the jury's. Kuster v. Press, 780 Ap. Div. 615.

## EVIDENCE.
Where no proof of charge is given, testimony as to belief in truth at time of publication held properly excluded. People v. Sherlock, 166 N. Y. 80.

Admission of affidavit tending to show that crime charged by defendant against plaintiff was committed by another, held error. Cudlip v. N. Y. Eve. Jour. Pub. Co., 174 N. Y. 158.

No power to compel plaintiff to file stipulation not to bring another action, on discontinuance. Kilmer v. Evening Herald, 70 Ap. Div. 291.

Whether words susceptible of meaning stated in innuendo for the court, whether so intended and understood, for the jury. Gibson v. Sun, 71 Ap. Div. 566.

Refusal of editor to publish retraction is proper evidence of malice. Stokes v. Morning Journal, 72 Ap. Div. 184.

Proof that another party accused plaintiff of the act charged and referred to published article, improper. O'Brien v. Bennett, 72 Ap. Div. 367.

Proof of a foreign statute making act charged a crime, when not pleaded, is inadmissible. Stuart v. N. Y. Herald, 73 Ap. Div. 459.

Error to admit in evidence proof of publications after action commenced. Stuart v. N. Y. Herald, 73 Ap. Div. 459.

Letters from plaintiff to defendant competent to show malice of subsequent publications. Crane v. Bennett, 77 Ap. Div. 102.

Evidence of express malice on part of reporter, proper on action against corporation employing him. Clifford v. Press, 78 Ap. Div. 79.

Evidence of previous court proceedings erroneously admitted, where charge was that defendant had been placed in jail. Archibald v. Press, 82? 513.

## LIBELLOUS PER SE.

Where plaintiff fails to establish innuendo, court may submit case if. Morrison v. Smith, 177 N. Y. 366.

Charge that lawyer was dismissed from position as counsel because of inefficiency. Gibson v. Sun, 71 Ap. Div. 566.

Spoken words, to reporters who published. Weston v. Weston, 82 Ap. Div. 520.

Publication of picture of plaintiff, though stated to be that of another, who is a criminal. DeSando v. N. Y. Herald, 88 Ap. Div. 492.

Charging poverty. Martin v. Press, 93 Ap. Div. 531.

Charge that person so absorbed in pursuit of money as to neglect everything, including wife. Woolworth v. Star, 97 Ap. Div. 525.

Alleging absence of bridegroom when bride attended at place marriage was to take place. Kirman v. Sun, 99 Ap. Div. 367.

" She went to a prison for an operation." Wuest v. Brooklyn Citizen, 102 Ap. Div. 480.

Charging janitress with barring out her landlord and wrongfully using his coal. Flaherty v. Times, 109 Ap. Div. 489.

" Crooks " " gold-brick men." Townes v. N. Y. Eve. Journal, 109 Ap. Div. 852.

Calling scientist " humbug " and " pseudo-scientist." Macdonald v. Sun, 111 Ap. Div. 467.

Charging administering " knockout drops." Nunnally v. Mail & Express, 113 Ap. Div. 131.

Publishing portrait pitted with smallpox. Hart v. Woodbury, 113 Ap. Div. 281.

Charging " celebrating " in connection with staggering. Morse v. Star, 118 Ap. Div. 256.

"Tout." N. Y. Bureau v. Ridgeway, 119 Ap. Div. 339.

That plaintiff is defendant in suit for divorce. Rivers v. N. Y. Eve. Journ., 120 Ap. Div. 574.

"Fellow who used to be a friend" of the plaintiff might pay her bills. Irving v. Irving, 121 Ap. Div. 258.

Charging with threatening to kill. Gordon v. N. Y. Eve. Journ. 127 Ap. Div. 353.

Publication of portrait of plaintiff as that of a murderess. Burkhardt v. Press, 130 Ap. Div. 22.

## NOT LIBELLOUS PER SE.

Words "a person of more or less indifferent repute." Crassley v. Press, 179 N. Y. 27.

When alleged publication not. Reporters v. Sun, 186 N. Y. 437.

Charge that "in each store tainted meat was found." Hartmann v. Sun, 74 Ap. Div. 282.

Charge against wife of "having caused her husband to commit suicide" where innuendo in complaint limits meaning to words stated. Brown v. Tribune, 74 Ap. Div. 359.

Charging dealer with "cutting prices." Willis v. Eclipse, 81 Ap. Div. 591.

Charge that property owner urged passage of bill to put expense of sewer facing his property on city at large. Foot v. Pitt, 93 Ap. Div. 76.

Advertisement of "experiences of giddy typewriter" with picture of plaintiff, will not support innuendo that same intended to charge plaintiff with being subject of unchaste and indecent experience. Morrison v. Smith, 83 Ap. Div. 206.

Article referring to hotel and not proprietor. Maglio v. N. Y. Herald, 93 Ap. Div. 546.

Report by principal to superintendent that teacher was careless. Walker v. Best, 107 Ap. Div. 304.

Political article.   Duffy v. Post, 109 Ap. Div. 471.

Wholly facetious.   Lamberti v. Sun, 111 Ap. Div. 437.

Words held not libellous per se.   Rees v. N. Y. Herald, 112 Ap. Div. 456.

Publication of letter from co-owner of book.   Jockin v. Braslet, 114 Ap. Div. 171.

"Unfit and discredited" when applied to police officer who was member of political club, when charter forbids.   McAvoy v. Press, 114 Ap. Div. 540.

Statement of unjust imprisonment.   Hughes v. Post. 115 Ap. Div. 611.

Charging artist publishing series of pictures with having run out of ideas.   Outcalt v. Herald, 117 Ap. Div. 534.

Charging that woman, suing for non-support, was wearing costly jewels, which were mute witnesses against her claims.   O'Neil v. Star, 121 Ap. Div. 849.

Charging plaintiff with living in certain locality which by innuendo and proof shown to be a resort of prostitutes.   Horton v. Binghamton, 122 Ap. Div. 322.

## JUSTIFICATION.

Must be as broad as the charge.   Baldwin v. Jenung, 70 Ap. Div. 271.

Publication by plaintiff of irritating matter concerning defendant not, but goes in mitigation of damages.   Xavier v. Oliver, 80 Ap. Div. 292.

Proof of, must be as broad as charge.   Carpenter v. N. Y. Eve. Jour., 96 Ap. Div. 376.

When publication is not criticism and cannot be justified as a mere jest.   Triggs v. Sun, 179 N. Y. 144.

## PRIVILEGE.

Refusal to charge that if jury find publication a fair and truer

report of legislative proceeding, published without actual malice, it is privileged, is reversible error. Garby v. Bennett, 166 N. Y. 392.

Notice to trade that patents have been violated. Bowsky v. Cimiotti, 72 Ap. Div. 172.

Letter to protective trade association. Trapp v. Dubois, 76 Ap. Div. 314.

Publication of petition for divorce not. Stuart v. Press, 83 Ap. Div. 467.

Defense of privilege must be pleaded and proved, where publication libellous per se. Stuart v. Press, 83 Ap. Div. 467.

When report of investigation by coroner and police not. Nunnally v. Press, 110 Ap. Div. 10.