HENRIETTA WOODS, Appellant, *v.* ERASTUS WIMAN, Respondent.

A communication to the governor of the state giving information for the purpose of influencing his action on a bill which has passed the legislature is *prima facie* privileged; but if the communication contains defamatory matter and is unnecessarily published to others, such publication is not privileged.

In an action for libel it appeared that the defamatory matter was contained in a pamphlet which was presented to the governor, upon a hearing before him, for the purpose of influencing his action on a bill which had been passed by the legislature; a witness for plaintiff testified that he saw defendant give copies of the pamphlet to persons in the executive chamber who did not appear to have any connection with the hearing. This witness was contradicted by others. The court directed a verdict in favor of the defendant. *Held*, error; that whether defendant did distribute the pamphlet as sworn to was a question of fact which should have been submitted to the jury, with appropriate instructions.

*Woods* v. *Wiman* (47 Hun, 362), reversed.

(Argued October 15, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of May, 1888, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial.

This action was brought to recover damages for libel.

When the bill which became chapter 672 of the Laws of 1886 — relating to imprisonment for debt — was pending in the legislature, Mr. Edward P. Wilder, a lawyer, published a pamphlet in opposition to its passage. Mr. Gilbert R. Hawes, a lawyer, was retained by the debtors imprisoned in Ludlow Street jail to advocate the passage of the measure, and to advance this purpose, one McDonald, then imprisoned in that jail on an execution against his person, took from his fellow-prisoners statements of the causes and circumstances of their confinement, which he reduced to writing and delivered to Mr. Hawes. A few copies of these statements were printed in pamphlet, bearing this title:

"Prisoners now in Ludlow Street Jail.

"A true statement of the facts in each case where a party has been imprisoned for debt. In answer to the pamphlet issued by E. P. Wilder. * * *"

The pamphlet contained the following among other statements:

"*In re* Terence Monett.

"About nine years ago sued on breach of promise to marry, which he never made. An open secret that plaintiff had similar relations for money with five or six others — but being married men, their evidence unattainable at trial — sympathy for her sex, awarded $6,000 damages. His interest sold by sheriff at sale, and bought by plaintiff, for $5,500. The matter then slept for eight years, when an attorney a *friend* of plaintiff, dug it up. Both plaintiff and defendant had always lived in Brooklyn, and still so in December, 1884, and the suit and judgment had in Brooklyn court. Instead of issuing execution against him where they both lived and where the court was that granted judgment, they had him decoyed from Brooklyn to New York, whither they had brought over the execution against the person, thus cutting off from bail in place of domicile; further embarrassing, as New York sheriff requires bondsmen within *his* limits; also saved plaintiff expense of support in Brooklyn jail, and to increase disadvantages of defendant, omitted to credit him, on judgment, with $5,500 bid

for his interest in the property at sheriff's sale by plaintiff eight years before, so he was thus arrested on full amount, $6,000 of judgment. Thus debarred from ability to give bail, has been eighteen months in jail. On trying to go out under Fourteen Day Act, could not produce written vouchers for expenditure of a few hundred dollars eight or nine years ago, so judge said oral evidence was not sufficient, and denied application. His wife's friends offer to subscribe balance really due on judgment, but plaintiff says that, as she cannot have him, his wife (now of nine years) shall not. So this *kind* of a woman actually *separates man and wife to be gratified in her spiteful feelings; but worst of all, public law aids such.*"

The bill excited much public interest and discussion and a committee was appointed, of which the defendant was chairman, to advocate its passage and approval by the executive. After the bill had passed the legislature, the governor fixed a day for hearing a public discussion of its merits, for the purpose of influencing the executive action, and as an answer to the pamphlet put forth by Mr. Wilder, a few copies of the statements of the prisoners as taken by Mr. McDonald were carried to the capitol, and one of them was submitted by the defendant to the executive with resolutions adopted by the chamber of commerce, and a memorial signed by several hundred of the citizens of New York and Brooklyn advocating the bill.

It is alleged in behalf of the plaintiff that the defendant gave a copy of the pamphlet to the governor and distributed several copies to persons in the executive chamber, for which alleged publication she seeks to recover damages.

*J. Stewart Ross* for appellant. The motions made by defendant to dismiss the complaint were properly denied by the court. The publication complained of was neither wholly nor qualifiedly privileged in any sense. (Addison on Torts, §§ 1091, 1104; *Coffin* v. *Coffin,* 4 Mass. 31; *Elam* v. *Badger,* 23 Ill. 498; Townsend on Slander & Libel, §§ 236, 241, 243; *Popham* v. *Pickburn,* 7 H. & N. 89; *March* v. *Ellsworth,* 2

Sweeney, 589; *Garr* v. *Selden*, 4 N. Y. 91; *Lee* v. *White*, 1 Sneed, 111; *Reid.* v. *MacLendon*, 44 Ga. 136; *Gilbert* v. *People*, 1 Den. 41; *Ring* v. *Wheeler*, 7 Cow. 725; *Hunt* v. *Bennett*, 19 N. Y. 173; *Taylor* v. *Church*, 1 E. D. Smith, 179; *McCabe* v. *Cauldwell*, 18 Abb. Pr. 377; *Littlejohn* v. *Smith*, 11 Ia. 302; *Sackett* v. *Jackson*, 10 Cush. 25; *Harwood* v. *Keetch*, 4 Hun, 389.) If the occasion can possibly be held to have justified the submission of the contents of the pamphlet to the governor, it did not justify the further publication thereof by or through the defendant.. (Townsend on Slander & Libel, §§ 219, 243; *Stockdale* v. *Hansard*, 9 Ad. & El. 1.) It was proper to show the recklessness of the defendant in making the charges against plaintiff contained in the pamphlet, without making any investigations as to their truth, for, if he chose to make such charges without any foundation or any investigation to ascertain whether they were true or not, then he was inferred to have made them maliciously, and privilege, if any existed, would have been avoided. (Townsend on Slander & Libel, §§ 241–244; *Harwood* v. *Keetch*, 4 Hun, 389; Addison on Torts, § 1091.)

*W. W. MacFarland* for respondent. The defendant is in no sense responsible for the statement of Monett as to the grounds of his imprisonment, nor did he in any legal sense publish that statement. (*Smith* v. *Ashley*, 11 Metc. 367; *Dexter* v. *Spear*, 4 Mass. 115; *Chubb* v. *Flanagan*, 6 C. & P. 431; 2 Greenl. on Ev. § 415; *Thomson* v. *Dashwood*, L. R. [11 Q. B. Div.] 43.) The statement of Monett was a privileged communication. (*Coffin* v. *Donnelly*, L. R. [6 Q. B. Div.] 307; *Dawkins* v. *Lord Rokeby*, L. R. [7 Eng. & Ir. App.] 744; *Thorn* v. *Blanchard*, 5 Johns. 508; *Cook* v. *Hill*, 3 Sandf. 349; *Hamilton* v. *Eno*, 81 N. Y. 116; *Van Aernam* v. *Bleistein*, 102 id. 360; *Lewis* v. *Chapman*, 16 id. 372; Townsend on Slander & Libel, § 209; *Manby* v. *Witt*, L. R. [18 C. B.] 554; *Taylor* v. *Hawkins*, L. R. [16 Q. B.] 321; *Van Wyck* v. *Aspinwall*, 17 N. Y. 190; *Howard* v. *Thompson*, 21 Wend. 391; *Harwood* v. *Keech*, 4 Hun, 390.)

FOLLETT, Ch. J.   Whether the public statutes of the state shall be changed is a matter of general interest and of common concern, and information given to the governor for the purpose of influencing his action on a bill which has passed the legislature is *prima facie* privileged; but if the communication contains defamatory matter and is unnecessarily published to others, such publication is not privileged. (*Coffin* v. *Coffin*, 4 Mass. 1; *Rex* v. *Creevey*, 1 M. & S. 273; Odgers on L. & S. [2d ed.] 186; Folkard's Starky L. & S. 202, 205; Newell on Def. 471; Towns. L. & S. [4th ed.] 217.)

Had the pamphlet been given only to the executive, we should have no difficulty in sustaining the judgment on the ground that there was no evidence of malice, without proof of which an action cannot be sustained for such a publication. But one witness testified that he saw the defendant give copies of the pamphlet to persons in the executive chamber who did not appear to have any connection with the hearing which was then being held; and though he was strongly contradicted by persons who had every facility for observing what occurred, yet whether the defendant did distribute the pamphlet as testified by this witness, was a question of fact and the court erred in not submitting it to the jury with appropriate instructions. For this error the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.