(68 Misc. Rep. 565.)

### BINGHAM v. GAYNOR.

(Supreme Court, Special Term, New York County. August, 1910.)

1. LIBEL AND SLANDER (§ 50½*)—PRIVILEGED COMMUNICATIONS—QUALIFIED PRIVILEGE.

In an action by a police commissioner for libel of him in his official capacity by sending a letter to the mayor, who was plaintiff's superior officer, empowered to remove him, relative to the photographing and measuring of persons accused of crime, but not convicted, for the "Rogues' Gallery," and for publishing a letter in the public press, that the letter was written to bring properly before the mayor the official misconduct of the commissioner, and that it was without malice, was sufficient to invoke as a defense the qualified privilege attaching to such communication relating to the conduct of a public officer, and such privilege was not necessarily destroyed because of the letter's subsequent publication in the newspapers, nor because of the use of intemperate and vituperative expressions in the letter in excess of the occasion and circumstances to which it was applied; such facts being merely evidence on the question of the existence of express malice, which would render defendant liable.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 50½.*]

2. LIBEL AND SLANDER (§ 93*)—PLEADING—PRIVILEGED COMMUNICATIONS.

The defense that the occasion for a publication was one of public interest, and that the facts therein stated were true, and the comments upon them fair and honest, is in a qualified way related to the defense of privilege, and its sufficiency determined by like principles; the rule governing sufficiency of a plea of justification being applicable, and the burden being upon defendant to aver the particular facts relied upon to establish the truth of the statements contained in the published article.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 218; Dec. Dig. § 93.*]

Action by Theodore A. Bingham against William J. Gaynor. On demurrer to defenses. Demurrer overruled.

Reversed in 126 N. Y. Supp. 353.

See, also, 135 App. Div. 426, 119 N. Y. Supp. 1010.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. C. Crowley, for plaintiff.

Charles H. Hyde (Stephen C. Baldwin, of counsel), for defendant.

GREENBAUM, J. The plaintiff demurs to the separate and distinct defenses of privilege and justification set up in the defendant's answer, upon the ground that each of such defenses is insufficient in law upon the face thereof.

This action is brought to recover damages for alleged libels claimed to have been published by the defendant, a former Supreme Court justice of this state, of and concerning the plaintiff in his office of police commissioner of the city of New York. The complaint purports to set forth two causes of action.

In the first it is alleged that the defendant mailed to the mayor of the city of New York, the plaintiff's superior officer, vested with the power to remove plaintiff, a written communication in the form of a letter, which is spread out verbatim in the complaint. This letter consists in part of a general arraignment and denunciation of the practice, alleged to exist in the police department of the city of New York, of photographing and measuring persons arrested, but unconvicted of crime, and placing the pictures of such persons in what is popularly known as the "Rogues' Gallery." Specific reference is made in the letter to the case of one George B. Duffy, whose photograph and measurements were thus taken, and whose picture was placed in the Rogues' Gallery, although he had never been convicted of crime; and the defendant charges that, although he requested the plaintiff to remove such picture and called the plaintiff's attention to the illegality of such practice, which he claims had been judicially determined in the case of Gow v. Bingham, the plaintiff not only declined to remove such picture, but publicly announced that he would not obey the decision, which, it is alleged, determined that such practice was unlawful, and that he has persisted in such acts, despite such decision. It is also alleged that the defendant caused a copy of the letter to be published in the newspapers circulating in the city of New York.

Counsel, both upon the oral argument and in the elaborate briefs, have treated the complaint upon the theory that the communication to the mayor was stripped of its privileged character by reason of its publication by the defendant in the public press, and an analysis of the pleading seems to justify this view.

The publication which is the basis of the second cause of action is alleged to have been made by the defendant in the newspapers of the city of New York, and consists of comment upon and criticism of the acts and conduct of the plaintiff in refusing to remove the picture of the boy, George B. Duffy, from the "Rogues' Gallery"; such acts and conduct being described as despotic, lawless, and subversive of free government. The answer, after denying the material allegations of the complaint, sets up as a first, separate, and distinct defense to both causes of action:

"That the matters of fact stated in the letter referred to in paragraph XIII and in the statement (publication) referred to in paragraph XVI are true, and the opinions therein fair comment on the said acts of the plaintiff, and only such as to bring properly before the said mayor the official miscon-

duct of the said police commissioner, and were and are without malice; and said statement and the said letter were privileged."

The form of this defense is unnecessarily involved, owing to the failure of the pleader to separately state the privilege attaching to each publication. For example, it could hardly be said that the publication in the newspapers was necessary to bring plaintiff's misconduct properly before the mayor. Nevertheless, I am of the opinion that, giving this defense the liberal construction which obtains upon demurrer, it sufficiently appears that it was the intention of the pleader to invoke as a defense to the communication sent to the mayor the qualified privilege which attaches to such communications, when relating to the conduct of a public officer, and sent for the purpose of calling the attention of his superior thereto, and that the publication in the newspapers which is the subject of the second cause of action is sought to be defended upon the so-called privilege which attaches to comment upon a matter of public interest, when the facts published are true, and the comment fair and honest.

The plaintiff contends that whatever privilege may have protected the contents of the letter mailed by the defendant to the mayor was destroyed by its publication by him in the newspapers, and also by the extravagant and intemperate expressions employed in its composition. It is further contended by the plaintiff that the defense that the statements contained in the publication in the newspapers were fair and honest comment upon matters of public interest is defective, in that the particular facts and circumstances upon which the truth of the matters of fact therein stated depend are insufficiently pleaded.

The defense of qualified privilege interposed to the letter mailed to the mayor will be first considered. Undoubtedly the sending of this letter under the circumstances pleaded rendered the communication one of qualified privilege, and in the absence of express malice no action could be predicated thereon. Woods v. Wiman, 122 N. Y. 445, 449, 25 N. E. 919; Ashcroft v. Hammond, 197 N. Y. 488, 90 N. E. 1117. The publication, therefore, of this letter in the public press, could not, as a matter of law, deprive the occasion of its privilege, but was merely some evidence for the jury of express malice, and from which they might find that the privilege was lost. Odgers, Lib. & Sland. (4th Ed.) 334, 336, 326, 327; Folkard, Sland. & Lib. 212, 213. The same principles are applicable to the use of intemperate and vituperative expressions in excess of the occasion and circumstances to which they are applied. Ashcroft v. Hammond, supra; Odgers, Lib. & Sland. 332 et seq. If plaintiff, under his first cause of action, sought to destroy the qualified privilege that ordinarily would attach to defendant's communication to the mayor, it would have been sufficient to allege that the act of defendant was malicious and designed to injure plaintiff's character and bring him into public disrepute. It was unnecessary, although proper, to set forth the facts or circumstances from which malice may be found. Viele v. Gray, 10 Abb. Prac. 1, 9; Younger v. Duffie, 26 Hun, 442, 444. It therefore follows that the defendant was not obliged to set forth facts and circumstances bearing upon the truth of the statements contained in the communication

to the mayor, and the defense of qualified privilege is sufficiently pleaded.

The next question presented for determination is the sufficiency of the defense as applicable to the article published in the newspapers, which is the subject of the second cause of action, upon the ground that the occasion of such publication was one of public interest, and that the facts therein stated were true, and the comment thereon fair and honest. With regard to this species of privilege, it may be remarked that by the weight of authority this defense is not considered in the strict legal sense of that term as a privilege, but, in effect, a claim that the words are not defamatory and the criticism no libel. Odgers, Lib. & Sland. 184, 185; Merivale v. Carson, L. R. 20 Q. B. Div. 275; Ullrich v. New York Press Co., 23 Misc. Rep. 168, 50 N. Y. Supp. 788; Newell, Sland. & Lib. 556, 557. But it has nevertheless been treated in a qualified way as analogous and related to the defense of privilege. Hamilton v. Eno, 81 N. Y. 116; Hoey v. New York Times Co., 138 App. Div. 149, 122 N. Y. Supp. 978. Whether considered in one aspect or the other, its sufficiency is determined by like principles. In pleading the truth of the facts in a defense of this character, the rules governing the sufficiency of plea of justification are applicable, and the burden is placed upon the defendant of averring the particular facts and circumstances that are relied upon to establish the truth of the statements of fact contained in the published article. Fry v. Bennett, 5 Sandf. 54. The only statement of fact contained in this publication relates to plaintiff's alleged conduct with respect to the boy, George B. Duffy, and, as to this, the pleader has alleged facts in support of its truthfulness; and, with respect to the comment and criticism of which plaintiff complains, it cannot be said that they are so intemperate or excessive as to destroy as a matter of law this defense of the so-called privilege.

The next question presented is the sufficiency of the defense of justification pleaded to the first cause of action. As to this defense, it seems to me that, while the facts in justification might have been alleged with more particularity and detail, and plaintiff perhaps might be entitled to a bill of particulars in elaboration thereof or to have this defense made more definite and certain, yet, giving it the liberal construction that prevails upon demurrer, it may not be deemed insufficient in law upon the face thereof. The sufficiency of this defense, so far as it may relate to the second cause of action, seems to me beyond question, inasmuch as the facts alleged tend to support the truth of the statements claimed to be libelous.

The demurrer should be overruled, with $10 costs to the defendant.

Demurrer overruled, with $10 costs to defendant.