ANDREWS v. GARDINER.    (No. 7543.)

(Supreme Court, Appellate Division, First Department.    July 9, 1915.)

1. LIBEL AND SLANDER ⊙⟹36—PRIVILEGE—MATERIALITY OF STATEMENTS.

Plaintiff's firm represented a medical society and took an active part in bringing about the prosecution of a physician for performing an abortion, and subsequently prepared a communication to the Governor in the nature of a protest against the granting of a pardon. The communication was signed by the society by various of its officers, and plaintiff also signed it in the name of his firm as counsel to the society. Nearly five years later defendant, an attorney, wrote the Governor a letter concerning a pending application for a pardon, which neither referred to the medical society's communication nor denied the facts therein stated, but which contained defamatory statements about plaintiff's character. Held, that the fact that plaintiff signed the communication from the medical society did not make such statements concerning his character material and relevant, so as to be privileged, as·· suming that the rule of absolute privilege applies to such proceedings before the Governor.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 114, 115; Dec. Dig. ⊙⟹36.]

2. LIBEL AND SLANDER ☜36—PRIVILEGE—MATERIALITY OF STATEMENTS.

If an attorney was acting professionally in writing a letter to the Governor concerning an application for a pardon, in which he made defamatory statements concerning the character of another attorney, his statements were privileged only so far as they were material and relevant, or he had reasonable and probable cause to believe that they were material and relevant, to the application for the pardon.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 114, 115; Dec. Dig. ☜36.]

3. LIBEL AND SLANDER ☜101—PRESUMPTIONS AND BURDEN OF PROOF.

Presumptively defamatory statements concerning an attorney who assisted in a prosecution, contained in a letter written by another attorney to the Governor relative to an application for a pardon, were not relevant and material, and in a suit for libel the writer of such letter had the burden of showing that they were material and relevant.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 150, 273, 275–280; Dec. Dig. ☜101.]

4. LIBEL AND SLANDER ☜44, 51—PRIVILEGE—MALICE.

If an attorney, in writing to the Governor concerning an application for a pardon was not acting professionally, but merely exercising a right of citizenship to memorialize the Governor on a matter of general public concern, the statements in his letter were only qualifiedly privileged, and the privilege was lost if he acted with express malice.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 133–137, 149; Dec. Dig. ☜44, 51.]

5. LIBEL AND SLANDER ☜112—SUFFICIENCY OF EVIDENCE—MALICE.

That a letter containing defamatory statements which are qualifiedly privileged was written with express malice may be inferred from the nature and the ardent tone of the letter.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 325–341; Dec. Dig. ☜112.]

Appeal from Trial Term, New York County.

Action by Champe S. Andrews against Asa Bird Gardiner. From a judgment dismissing the complaint on the merits, made on motion of the attorney for the defendant at the commencement of the trial, and on certain admissions made during the argument of the motion, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Louis Sturcke, of New York City, for appellant.

George Edwin Joseph, of New York City, for respondent.

LAUGHLIN, J. [1] This is an action for libel. On a former trial the complaint was dismissed at the close of the plaintiff's case, on the theory that the rule of absolute privilege applied to the communication alleged to be libelous, and on appeal this court reversed the judgment and granted a new trial. 165 App. Div. 595, 150 N. Y. Supp. 891. The case was brought to trial again, and after the impanelment of the jury and the opening, counsel for plaintiff offered in evidence a certified copy of the letter written by the defendant, a copy of which is set forth in the complaint, and it was admitted that the signature and postscript to the original were in the handwriting of the defendant and that he published the letter by transmitting it to the

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Governor. Plaintiff then took the stand in his own behalf, and testified with respect to his admission to and practice at the bar, and gave further evidence tending to show that he was and long had been a member in good standing of the Bar Association of the County of New York and of the American Bar Association.

By his testimony given on cross-examination it appears that he and his firm represented the Medical Society of the County of New York and took an active part for their client in bringing about the prosecution of Dr. Conrad for the crime of abortion, of which he was convicted; that the Medical Society became aware of an application by Dr. Conrad to Governor Higgins for a pardon made on the 5th day of April, 1906, and prepared a communication in the nature of a protest or remonstrance against the granting of the application; that this communication was submitted to the plaintiff for correction, and that he made certain corrections, and may have made corrections with respect to statements of fact based upon his knowledge acquired at the time of the prosecution, but as to whether or not he made any corrections of fact he could not say; that the communication was then signed in the name of the Medical Society by its president, vice-presidents, secretaries, treasurer, and by the chairman and four other members of the board of censors, and after these signatures the plaintiff subscribed the name of his firm *as counsel to the society;* that the communication by the Medical Society was dated on the 19th of April, 1906, and was transmitted to the Governor by plaintiff with a letter, signed by the plaintiff in his firm name, stating that the society desired to file the communication as a protest against the pardon of Dr. Conrad, an application for which it understood was pending. The communication from the society and the letter transmitting it constitute the only evidence which was not before this court on the former appeal.

It is now claimed that this evidence presents the case in quite a new light, and that the plaintiff by subscribing, in the name of his firm as counsel, the communication protesting against the granting of the application for the pardon, in effect became a witness on the application, and that his private and professional character became subject to attack for the purpose of discrediting him, and thereby discrediting the protest. The alleged libelous letter of the defendant was addressed to Governor Dix on the 21st day of March, 1911, and it contains no reference to the communication of the Medical Society addressed to Governor Higgins nearly five years before; nor does it expressly or impliedly put in issue any of the representations contained in the protest of the Medical Society. The complaint of plaintiff, in so far as it affected the application for pardon, was with respect to his activity and methods in securing the conviction. There is nothing, therefore, in these new facts to render inapplicable the decision made by this court on the former appeal. We did not deem it necessary then to decide whether the case is governed by the rule of qualified or absolute privilege. We assumed, for the purposes of the decision, that the rule of absolute privilege applied, the same as that applicable to the utterances of an attorney or counsel in judicial actions or proceedings; but we held that the statements defamatory of the

plaintiff were so plainly immaterial and irrelevant to the question pending before the Governor that the defendant could not reasonably have supposed that they were germane to the issue, and that the nature and the violence of the denunciations were such that express malice might be inferred therefrom. It is not at all clear that the rule of absolute privilege applies or should be extended to this case, because the reason for the rule is not applicable to an ex parte proceeding before the Governor on an application for a pardon, and the tendency is not to extend this rule.· Odgers on Libel & Slander (5th Ed.) 230, 231; 18 Am. & Eng. Enc. of Law (2d Ed.) 1023; Woods v. Wiman, 47 Hun, 392, reversed 122 N. Y. 445, 25 N. E. 919; Bingham v. Gaynor, 203 N. Y. 27–32, 96 N. E. 84.

[2, 3] On the record now before us it does not appear whether defendant was acting professionally or merely as a citizen. If he was acting professionally, we held on the former appeal that he wanted only to be protected, in so far as the statements in the letter were material and relevant, or he had reasonable and probable cause to believe they were material and relevant, to the application for the pardon, and that most of them presumptively were not, and the burden was on him to show that they were, which is the most favorable view of the case that can in any aspect be taken for defendant. See 25 Cyc. 377, 378, 383, 385, 400, 411, 412; 18 Am. & Eng. Enc. of Law (2d Ed.) 1023; Gilbert v. People, 1 Denio, 41, 43 Am. Dec. 646; Youmans v. Smith, 153 N. Y. 214, 47 N. E. 265; White v. Carroll, 42 N. Y. 161, 1 Am. Rep. 503; Moore v. M. Nat. Bank, 123 N. Y. 420, 25 N. E. 1048, 11 L. R. A. 753; Morton v. Knipe, 128 App. Div. 94, 112 N. Y. Supp. 451.

[4, 5] If defendant was merely exercising a right of citizenship to memorialize the Governor on a matter of general public concern pending before the executive, the rule in this jurisdiction is, I think, that a qualified privilege only existed, which would be lost if he acted with express malice, which might be inferred from the nature and ardent tone of the letter; and we in effect so held before. 165 App. Div. 595, 150 N. Y. Supp. 891; 25 Cyc. 375, 383, 385, 400, 411, 412; 18 Am. & Eng. Enc. Law (2d Ed.) 1029, 1040; Woods v. Wiman, supra; Bingham v. Gaynor, supra; Ashcroft v. Hammond, 193 N. Y. 488, 496, 90 N. E. 1117. Until the facts upon which the Medical Society urged the refusal of the application for the pardon were denied, the character of those who communicated the information to the Governor was wholly immaterial; and, moreover, the plaintiff did not sign the communication individually as a citizen, but merely subscribed the name of his firm as counsel.

It follows that the judgment should be reversed,. and a new trial granted, with costs to the appellant to abide the event. Order filed. All concur.